In re Jack J. GRYNBERG, a/k/a Jack Jakob Grynberg, a/k/a Jack Grynberg, d/b/a/ Jack Grynberg and Associates, d/b/a Jack Grynberg & Associates, Debtor.

Bankruptcy No. 81 B 00821 M.

United States Bankruptcy Court, D. Colorado.

April 30, 1982.

---

Ernest W. Lohf, Denver, Colo., for debtor.

Harry M. Sterling, Denver, Colo., for the Creditors' Committee.

Howard R. Tallman, Denver, Colo., for United States Trustee.

## MEMORANDUM OPINION

JOHN P. MOORE, Bankruptcy Judge.

This matter arises upon the Debtor's objection to applications filed by Charles E. Chavanne and John D. Archer, for reimbursement of certain expenses incurred by the Applicants in connection with their service on the creditors' committee. The objection is predicated upon 11 U.S.C. § 503(b)(3)(D) which states:

> After notice and a hearing, there shall be allowed, administrative expenses, * * * including * * * the actual necessary costs and expenses, * * * incurred by * * * a creditor, * * * *or a committee* representing creditors * * * *other than a committee appointed under section 1102 of this title*, in making a substantial contribution in a case under chapter * * * 11 of this title; * * *. (emphasis added)

Citing *In re Major Dynamics, Inc.*, 16 B.R. 279 (Bkrtcy.S.D.Cal.1981), the Debtor takes the position that since the Applicants were appointed to the creditors' committee under § 151102,[1] they are not entitled to reimbursement because of the explicit language of § 503(b)(3)(D) barring repayment of the

1. Even though § 503(b)(3)(D) does not refer specifically to § 151102, the substance of § 503 would make specious any attempt to predicate a distinction on this omission.

2. Rule 11-29 provides:

expenses of the official *creditors' committee.*

Both the Applicants and the United States Trustee steadfastly maintain the Applicants' right to reimbursement. The Applicants rely upon *In re Fireside Office Supply, Inc.*, 17 B.R. 43, 5 C.B.C.2d 111, 8 B.C.D. 203 (Bkrtcy.D.Minn.1981), which escapes application of § 502(b)(3)(D) on the basis of Rule 11-29, F.R.B.P.[2] The U. S. Trustee has advanced a theory for reimbursement upon a plea for a lenient interpretation of § 503(b)(3)(D) predicated upon the demands of public policy. It is asserted, and without cavil, if members of the creditor's committee must finance their own service to the estate, the practical result will be the abandonment by creditors of any meaningful participation in the administrative process of any chapter 11 case. It is argued such a result would surely be contrary to the intent of Congress and of the underlying principles of the Code as a whole.

■ Having considered the arguments advanced by all concerned, I have concluded the applications are not barred by § 503(b)(3)(D); consequently they should be allowed. In my view, when the pending applications are considered in their true light as the applications of individual creditors for reimbursement of their individual expenses, those applications are not barred by the plain language of § 503(b)(3)(D).

Taken for what it is worth, it is clear § 503(b)(3)(D) bars the compensation of chapter 11 creditors' *committees.* Whether that is wise, whether that will impede the participation of creditors in chapter 11 cases, or whether that should not be the law are all matters heretofore resolved by the Congress. Accordingly, these questions are moot and beyond resolution as far as the Court is concerned. Indeed, any attempt to

* * * Expenses deemed reasonable and necessary by the court *incurred by the committee* * * * or *incurred by any selected member of the committee* may also be allowed as an expense of administration * * *. (emphasis added)

avoid that clear implication of § 503(b)(3)(D), as the United States Trustee would appear to want me to do, would inject this Court into the legislative arena clearly preserved to the Congress.

The real question here is whether individual creditors who serve on a chapter 11 creditors' committee are entitled, as a matter of law, to reimbursement of their expenses incurred in pursuit of the duties invested in them by their appointment. Because I believe § 503(b)(3)(D) should be read only to interdict reimbursement of *committee* expenses, and to provide for payment to individuals, I conclude reimbursement of individual creditors who are committee members is proper.[3] Support for this conclusion is found not only in the language of the section, but also from the past.

According to the legislative history,[4] § 503(b)(3)(D) is partially drawn from § 243 of the Bankruptcy Act. That provision allowed compensation of individual creditors for their legitimate expenses.[5] More importantly, because that compensation could flow from expenses incurred in connection with the proposal of a plan, objection to or support of confirmation of a plan, or in connection with the administration of the estate, I believe § 243 also suggests not only the compensability of individuals, but also the type of services which constitute the "substantial contribution" which is the basis of reimbursement of the individual under § 503(b)(3)(D). That conclusion is warranted upon the hypothesis that § 503(b)(3)(D) is the progeny of § 243,

as it may thus be justifiably assumed Congress intended to perpetuate the right of an individual creditor to reimbursement for expenses incurred in connection with valuable services to the estate.

It is thus made apparent simple appointment to a creditors' committee cannot result in a right to reimbursement. That right can only arise when the member has personally made a substantial contribution to the estate by meaningful participation in its administration, or by meaningful participation in the creation of a plan, or in the granting or denial of its confirmation. Any other interpretation of § 503(b)(3)(D), insofar as an individual member is concerned, is simply unwarranted.

In this context, then, it is clear Congress has left to the discretion of the Court, on a case by case basis, to determine whether an individual creditor is entitled to compensation on the basis of that creditor's own role in the case. At this juncture, it would thus be at least premature to attempt to further define the limits of the services from which the right to reimbursement arises, or to define the kinds of expenses which are compensable. Suffice that § 503(b)(3)(D) compensation is grounded upon the limitation that the expenses be "actual" and "necessary", and leave each application to be determined upon its own merits. Hence, there will always remain in each case questions of whether the services of any applicant creditor have been "substantial" and whether the expenses incurred in that service have been "actual" and "necessary". Notwithstanding, so long as those expenses

---

**3.** Obviously, I read the section differently from the way it was read in *Major Dynamics, supra.* The latter reading allows the words "other than a committee" to modify the word "creditor". That, in my judgment, is not within the syntax of the clause, as the phrase "other than a committee" merely modifies the preceding phrase "or a committee of creditors".

**4.** House Report No. 95–595, 95th Cong. 1st Sess. (1977) p. 355, U.S.Code Cong. & Admin. News 1978, p. 5787.

**5.** Section 243 read: The judge may allow reasonable * * * reimbursement for proper costs

and expenses incurred by creditors * * * in connection with the submission by them of suggestions for a plan or of proposals in the form of plans, or in connection with objections by them to the confirmation of a plan, or in connection with the administration of the estate. In fixing any such allowances, the judge shall give consideration only to the services which contributed to the plan confirmed, or to the refusal of confirmation of the plan, or which were beneficial in the administration of the estate * * *.

are incurred by or through the individual members, and not the committee *per se*, the expense of substantial contribution is reimbursable to the member or the entity having advanced the cost thereof.[6]

■ Turning then to the instant application, as the only objection made by the Debtor was based upon the statutory inability of the Applicants to qualify for reimbursement, and since I have concluded such an inability does not exist, it is apparent the objection must be overruled. Notwithstanding, I have examined the stipulation regarding the expenses of Mr. Chavanne and the documentation of the expenses of Mr. Archer, both of whom had to travel great distances to perform their duties, and I find no indication therefrom but that the expenses for which reimbursement is sought were actual and necessary to the service rendered. Moreover, as it is clear from the statements of counsel that the creditor's committee played an active part in the administration of the estate, the formulation of the plan, and in laying the groundwork for its ultimate confirmation, I must conclude the contributions of its members were substantial, particularly in light of no evidence to the contrary. An order shall enter allowing the compensation prayed for.

---

**6.** I think it inherent in the language of § 503(b)(3)(D) there is a conflict with 11–29 F.R.B.P. which makes a portion of the latter invalid. As part of the rule permits the reimbursement of the committee, and as the Code interdicts such reimbursement, that portion of the rule is in conflict with the Code. As to the remaining portion of 11–29, that which allows payment to "selected" members of the committee is not in conflict with § 503(b)(3)(D) as I read it. We do not, therefore, need to ground any conclusion here upon Rule 11–29, as we can achieve resolution by application of the Code.