### In the Matter of PENNSYLVANIA TIRE & RUBBER COMPANY OF MISSISSIPPI, INC., Debtor.

### Bankruptcy No. 679–01239.

United States Bankruptcy Court, N.D. Ohio.

May 17, 1982.

Howard L. Sokolsky, of Benesch, Friedlander, Copland & Aronoff, Cleveland, Ohio, for applicants.

Mary K. Whitmer, of Baker & Hostetler, Cleveland, Ohio, for debtor and debtor in possession.

## MEMORANDUM DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

This matter is before the court upon applications for reimbursement of expenses filed on April 12, 1982 by Alcan Rubber & Chemical, Inc., Continental Carbon Company, and Sid Richardson Carbon Co., members of the creditors' committee of the above named Chapter 11 debtor. Said applications utilized the language contained in 11 U.S.C. § 102(1) and informed all interested parties that an order approving each application would be presented to the court unless a request for hearing was lodged with the court on or before April 29, 1982.

No formal request for hearing has been received from any party in interest, but counsel for the debtor filed a motion in response to the applications in question, citing the case of *In re Major Dynamics, Inc.,* 16 B.R. 279, 8 B.C.D. 759, 2 C.B.C.2d 1330 (Bkrtcy.S.D.Cal.1981) as support for the proposition that members of a creditors' committee formed under Section 1102 may not seek reimbursement of such costs as an administrative expense.

At issue is the proper interpretation of Section 503(b)(3)(D), which provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—* * *
>
> (3) The actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection incurred by—* * *
>
> (D) A creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; * * *

The court in *Major Dynamics* concluded that the above quoted language barred members of a committee appointed under Section 1102 from requesting reimbursement as an administrative expense, relying heavily upon legislative history of the proposed Technical Amendments Act as an indication of Congressional belief that Section 503 does not allow reimbursement of such expenses in its present form.

The fact that Congress perceives a need for clarification in this area is not clearly dispositive of the present issue, namely whether members of a creditors' committee are entitled to reimbursement of expenses under present law notwithstanding the limiting language of Section 503(b)(3)(D).[1] This court has consistently maintained that such a right of reimbursement exists, finding support for its position in the Rules of Bankruptcy Procedure and interpretive case law.

Rule 11–29(c) reflects the established practice under the former Bankruptcy Act of reimbursing expenses incurred by a creditors' committee which are found by the court to be "reasonable and necessary." When faced with the question of reimbursement under the Bankruptcy Code, the case of *In re Fireside Office Supply, Inc.,* 17 B.R. 43, 8 B.C.D. 202 (Bkrtcy.D.Minn.1981) held that Rule 11–29(c) continued to apply to cases decided under current law. As a part of the transition mechanism of the Bankruptcy Reform Act, Section 405(d) of Pub.L. No. 95–598 provides that the Rules of Bankruptcy Procedure which are not in conflict with said Act will continue to apply until repealed or superseded, and Rule 11–29(c) appears to be one such rule which survives the enactment of the Bankruptcy Reform Act.

The approach taken in the *Fireside Office Supply* case also commands a greater practical appeal than that suggested by the debtor, as there is no sensible justification for excluding a traditionally active class of creditors from eligibility for reimbursement

---

1. Applicants have in fact based their requests for reimbursement of expenses upon Sections 330(a)(2) and 503(b)(2), apparently contending that they are officers of the estate as defined by the former section. The court rejects this assertion as being without merit and will consider the limited question of a right of reimbursement arising from the status of applicants as members of a creditors' committee.

of expenses merely because of their affiliation with a creditors' committee formed pursuant to Section 1102.

After an examination of the applications and supporting documentation, the court concludes that expenses of $611.21 for Alcan Rubber & Chemical, Inc., $333.31 for Continental Carbon Company, and $777.02 for Sid Richardson Carbon Co. were both reasonable and necessary and therefore will allow same. The orders presented by applicants pursuant to 11 U.S.C. § 102(1) shall be entered herewith.