**In re FARM BUREAU SERVICES, INC., Debtor.**

**Bankruptcy No. 82–00651.**

United States Bankruptcy Court, E.D. Michigan, N.D.

Aug. 24, 1982.

Robert W. Sawdey, Day, Sawdey, Flaggert & Porter, Grand Rapids, Mich., for Trade Creditors Committee.

Timothy J. Curtin, Schmidt, Howlett, Van't Hof, Snell & Vana, Grand Rapids, Mich., for Equity Securityholders Committee.

Thomas W. Schouten, Dunn, Schouten & Snoap, Wyoming, Mich., for the PBB Creditors.

Ronald L. Rose, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for Debentureholders Committee.

## MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

This matter is presently before the Court on Applications filed by the Unsecured Trade Creditors' Committee, the Equity Security Holders Committee, the Debenture Holders Committee and the PBB Tort Unsecured Creditors' Committee requesting compensation for expenses incurred by the individual committee members. No objections were filed by the Debtor or any other party in interest. However, the Court on its own motion denied the applications and stated that it would furnish the parties with a written decision.

### Facts

The Debtor in this matter filed a Petition under Chapter 11 of the Bankruptcy Code on October 1, 1982. Orders were entered appointing the four official creditors' committees pursuant to 11 U.S.C. § 1102. The Applications filed by the three committees are the second such applications to be considered by the Court. Although the Court had reservations about granting the first application filed by each of the committees for expenses of its members, the Court did grant the original applications.

### Conclusions of Law

The former Bankruptcy Act provided that creditors' committees as well as indi-

vidual members of a committee could recover reasonable and necessary expenses. Bankruptcy Rule 11–29; See also 14 Collier on Bankruptcy, ¶ 11–29.04[3] (14th Ed. 1976).

Bankruptcy Rule 11–29 provides in part: Expenses deemed reasonable and necessary by the Court incurred by the Committee other than for compensation of an attorney, accountant, or other agent or incurred by any selective member of the committee in connection with services performed as a member after the filing of the petition, may also be allowed as an expense of administration after hearing on such notice to such persons at the Court may direct, whether or not a plan is confirmed.

Although other portions of Rule 11–29 have been adopted by the Bankruptcy Code, the particular portion cited above has not.

The basis for allowing compensation of creditors appears in Section 503 of the Bankruptcy Code. This Section provides as follows:

(b) After notice and hearing, there shall be allowed, administrative expenses ... including—. . . . (3) the actual, necessary expenses ... incurred by—. . . (d) a creditor, an indenture trustee, and equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this Title, and making a substantial contribution in a case under Chapter 9 or 11 of this Title ... 11 U.S.C. § 503(b)(3)(D).

The Courts are presently divided over the question of whether a creditors' committee can receive compensation for its expenses. The Court of *In Re Major Dynamics, Inc.,* 16 B.R. 279 (Bkrtcy.S.D.Cal., 1981), held that although Section 503(b)(3)(D) does permit reimbursement of expenses incurred by a single creditor, the subsection when read as a whole does not provide for reimbursement to a creditor when that creditor is also a member of an official creditors' committee. The Court reasoned that, "it would indeed be anomalous to allow individuals on a committee to recover costs out of the estate

when the Code does not provide such reimbursement to the creditors' committee itself." Id. at 280.

The Court of *In Re Fireside Office Supply, Inc.,* 17 B.R. 43 (Bkrtcy.D.Minn., 1982), reached a conclusion opposite to the *Major Dynamics* Court decision. The *Fireside* Court found no inconsistency between the Rule and the Code. It found Section 503 to be noncomprehensive and nonexclusive. The Court stated that:

The items of expense expressly recognized in the section are described following the word 'including'. The code employs precise language and as stated in 11 USC 102(3) 'includes' and 'including' are not words of limitation. Consequently, the omission of the description of expenses, as here, in Section 503 does not constitute a prohibition of their allowance. Nor does the exclusionary clause in Section 503(d)(3)(D) constitute a prohibition of such allowance. There is no need, for present purposes, to rationalize the exclusion except that it may be noticed that the measure of allowability under 503 is based upon 'a substantial contribution' whereas the allowance to the creditors' committee may involve a different measure of necessity. Id. at 45.

The Chairman of the Creditors' Committee was awarded his expenses. The Court found the expenses to have been "necessary and reasonable" and that the trips made by the Chairman, which constituted the expenses, were necessary and contributed to the success of the plan of reorganization which was confirmed by the Court.

A third case, *In Re Grynberg,* 19 B.R. 621, (Bkrtcy.D.Colo., 1982), also allowed reimbursement of creditors' expenses, although on different grounds. The *Grynberg* Court found that while Section 503 does not permit the compensation of Chapter 11 creditors' committees, the Section does provide for compensation for individual creditors. Mere appointment to a creditors' committee does not result in a right to reimbursement. This right arises only when a member of the committee has personally made a substantial contribution to the estate. The

Court would review on a case by case basis each application to determine whether an individual creditor is entitled to reimbursement for expenses based on that creditor's own participation in the case.

The final case reviewed by the Court is in accord with the *Grynberg* opinion. Although the Court of *In Re Lyons Machinery Company, Inc.,* 28 B.R. 600, 10 B.C.D. 510 (Bkrtcy.Ark.1983), denied the application before the Court for expenses, it did so because it was an application filed by a committee seeking reimbursement for expenses rather than an application filed by an individual creditor seeking expenses.

■ This Court, as the other courts stated, does not feel that it can rewrite the bankruptcy legislation. The Bankruptcy Code requires a creditor to have made a substantial contribution to a case and that the expenses must have been actual and necessary before reimbursement can be allowed. The applications presently before the Court while making a point that the expenses were actual and necessary do not go to the issue of substantial contribution. In the legislative history to Section 503 reference is made to the phrase substantial contribution. "The phrase 'substantial contribution of the case' is derived from Bankruptcy Sections 242 and 243. It does not require a contribution that leads to confirmation of a plan, for in many cases, it will be a substantial contribution if the person involved uncovers facts that would lead to a denial of confirmation, such as fraud in connection with the case." Bankruptcy Code § 503, 1981 Collier Pamphlet Edition.

■ Simply stated it appears to this court that the present state of the law requires that the committee members must do more than faithfully attend meetings and contribute thoughts and opinions in order to recover expenses. If work is done above and beyond this level which amounts to special assignments and activity not done by ordinary members, then expenses of such activities may be reimbursed. In effect, it is in the creditors best interest to generally assist and foster its position, which is little different than a party to an ordinary law suit contributing time and assistance to counsel, which expenses cannot be compensated.

■ Accordingly, since the expenses listed in the applications are for traveling expenses to and from committee meetings and associated expenses, the Court will, therefore, DENY the applications. However, the creditors may resubmit their applications if they can demonstrate to the Court that the expenses constitute a substantial contribution by the individual creditors.

IT IS SO ORDERED.