**In re DOUG ALLEN PONTIAC PORSCHE–AUDI, a/k/a Allen-White Pontiac, Inc., Debtor.**

**Bankruptcy No. 82–00988.**

United States Bankruptcy Court, D. South Carolina.

Nov. 2, 1984.

---

Robert F. Anderson, Columbia, S.C., for debtor.

John N. McClain, Jr., Raleigh, N.C., for creditor.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

ADR, an unsecured creditor of the debtor, has made direct payments to creditors of the debtor in the form of direct refunds on credit life insurance policies for which the debtor was the selling agent. Petitioner claims that it is entitled to the priority afforded by 11 U.S.C. § 503(b)(3)(D) on the ground that payments which it made were administrative expenses that made a substantial contribution to the reorganization of the debtor in debtor's Chapter eleven (11 U.S.C. § 101 et seq.) case. Petitioner also claims a priority as subrogee for payments which it made to purchasers from the debtor—consumers—for goods or services for personal use that were not provided under 11 U.S.C. § 507(a)(5).

### I.

Section 503(b)(3)(D) allows administrative expenses, including the actual, necessary expenses, incurred by "a creditor ... in making a substantial contribution in a case under Chapter 9 or 11 of this title." 11 U.S.C. § 503. Petitioner claims that its payments of the claims constituted an administrative expense in that its payments made substantial contributions to the debtor's reorganization.

Section 503(b)(3)(D) is partially drawn from § 243[1] of the Bankruptcy Act of 1898

---

**1.** Section 243 of the Act, in pertinent part, states:

The judge may allow reasonable ... reimbursement for proper costs and expenses incurred by creditors ... in connection with the

[hereinafter the Bankruptcy Act of 1898 shall be referred to as "the Act"]. Section 243 of the Act suggests not only the compensability of individuals but also the types of services which constitute substantial contribution. *In re Grynberg*, 19 B.R. 621 (Bkrtcy.D.Colo.1982).

■ Petitioner has not obtained a right to reimbursement of administrative expenses by meaningful participation in the administration of the estate, in the creation of a plan, or in the granting or denial of the plan. Petitioner has merely paid an obligation it incurred through the debtor's acting as a creditor's agent in the sale of credit life insurance policies, and for which Petitioner would have been liable if payment had not been made. "[A] creditor is not entitled to an administrative claim where it has discharged its own debt, regardless of any incidental benefit to the debtor." *In re O.P.M. Leasing Services*, 23 B.R. 104, 121 (Bkrtcy.S.D.N.Y.1982). Petitioner has not incurred administrative expenses within the meaning of § 503(b)(3)(D). The payments were payments in satisfaction of Petitioner's obligations. The payments did not benefit or conserve the estate for the other creditors.

Petitioner's claim is not entitled to the priority afforded by 11 U.S.C. § 503(b)(3)(D).

## II.

■ Petitioner also demands the priority afforded by 11 U.S.C. § 507(a)(5) for its claim for reimbursement of payments it made to the purchasers of debtor's property or services that were never delivered, including the creditor's making good the credit life insurance policies sold by the debtor as creditor's agent. Petitioner posits that it is entitled to the priority granted under 11 U.S.C. § 507(a)(5). 11 U.S.C. § 507(d) precludes the creditor's claim to such priority status.

11 U.S.C. § 507(d) states:

> submission by them of suggestions for a plan or of proposals in the form of plans, or in connection with objections by them to the

An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection a(3), a(4), a(5), or a(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

The effect of 11 U.S.C. § 507(d) on a subrogee's priority claim under 11 U.S.C. § 507 is clear. In the case of *In re Walsey*, 29 B.R. 328 (Bkrtcy.N.D.Ga.1983), the court, denying a surety's right to priority under § 507 for paying taxes owed by the debtor to the Georgia State Revenue Commissioner, stated:

> We conclude that the law is clear: under [section] 507(d), ... the subrogee of a priority claimant does not partake of the priority status given the claimant to which the subrogee is subrogated. *Walsey*, 29 B.R. 328, 331 (Bkrtcy.N.D.Ga. 1983).

While the creditor, ADR, is subrogated under 11 U.S.C. § 507(a)(5), to the rights of creditors for whom it made payments, the creditor's claim does not receive the priority of 11 U.S.C. § 507(a)(5). 11 U.S.C. § 507(d) in its statutory language and as interpreted by the courts does not grant a subrogee the higher priority accorded to a 11 U.S.C. § 507(a)(5) creditor.

## CONCLUSION

ADR's claim is not entitled to the priority of 11 U.S.C. § 503(b)(3)(D) or 11 U.S.C. § 507(a)(5).

Therefore, ADR's motion for enhanced priority is denied.

> confirmation of a plan, or in connection with the administration of the estate.