**In re EVANS PRODUCTS COMPANY, et al., Debtors.**

**Appeal of The COMMITTEE OF NON–INSIDER EQUITY SECURITY HOLDERS.**

No. 85–3525–CIV.

United States District Court, S.D. Florida.

June 30, 1986.

Milbank, Tweed, Hadley & McCloy, New York City, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for appellant.

Securities and Exchange Com'n, Atlanta, Ga., Securities and Exchange Com'n, Washington, D.C., for appellee.

## FINAL ORDER AND REMAND TO BANKRUPTCY COURT

HOEVELER, District Judge.

### STATEMENT OF THE CASE

On March 11, 1985, Evans Products Company and seven affiliated corporations filed voluntary petitions of reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* Currently, the debtors operate their businesses and manage their properties as debtors in possession. The Chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly pursuant to an order of the bankruptcy court.

On May 25, 1985, on motion of a shareholder under 11 U.S.C. § 1102(a)(2), the bankruptcy court appointed a committee to represent approximately 1,000 non-insider holders of outstanding common and preferred stock of Evans (the "equity committee"). As required by the Code, the bankruptcy court found that the appointment of the equity committee was "necessary to assure adequate representation of the common and preferred shareholders" of Evans. The committee consists of five individual stockholders (including a husband and wife as joint tenants) and a not-for-profit organization. With approval of the bankruptcy court, the committee has employed New York and local counsel.

### ISSUES ON THIS APPEAL

On July 26, 1985, the equity committee filed a "Motion for Order Establishing Procedures for Interim Reimbursement of Expenses Incurred by Members of the Committee of Non-Insider Equity Security Holders of Evans Products Company." The motion sought an order of the bankruptcy court establishing procedures for interim reimbursement of the necessary and reasonable out-of-pocket expenses of individual committee members incurred in connection with their service on the equity committee. The motion was not opposed by the debtors, the creditors' committees or by any party in interest.

The bankruptcy court heard the motion on August 5, 1985, and denied it on August 7, 1985. The bankruptcy judge held that there is no statutory authorization under the Bankruptcy Code for reimbursement of the out-of-pocket expenses of members of the equity committee and, further, even if there were authority to reimburse the members of the equity committee for their expenses, he would deny the motion in any event.

The equity committee filed its notice of appeal on August 14, 1985.

This appeal requires the Court to consider the following questions:

1. Are any expenses of members of a § 1102 committee ever reimbursable?

2. If so, by what standard are such expenses determined to be reimbursable?

The equity committee argues that the importance of § 1102 committees to the statutory scheme intended by the Bankruptcy Reform Act of 1978 ("Act of 1978") militates in favor of allowing interim reimbursement of the "reasonable and necessary" expenses incurred by a § 1102 committee member, without requiring that member to show that that member made a "substantial contribution" to the estate. The Court's review of the legislative history of the Act of 1978 indicates that the "substantial contribution" standard is the appropriate standard.

### LEGISLATIVE HISTORY

In 1973, the Commission on the Bankruptcy Laws of the United States (the

"Bankruptcy Commission") proposed revisions to the then-existing Bankruptcy Code.[1] In its proposal, the Commission denominated § 1102 committees as "official" committees [2] and specifically provided for the reimbursement of the expenses of "official" committee members.[3] In its comments on the text of its proposal, the Bankruptcy Commission noted that "official" committees were incorporated into its proposal as a new concept and that their expenses should be provided for.[4]

The Bankruptcy Commission's proposal did not survive intact in the proposals in the House (H.R. 8200) and the Senate (S. 2266) of the 95th Congress. In both H.R. 8200 and S. 2266, as reported out of their respective committees, § 503(b)(3)(D) appeared substantially as it appears in the Code today.[5] In the "section-by-section analysis" portions of both the House Report accompanying H.R. 8200 [6] and the Senate Report accompanying S. 2266,[7] the Congressional Committees noted that § 503(b)(3)(D) is applicable to committees "other than official committees." Neither report makes specific reference regarding the effect of § 503(b)(3)(D) on § 1102 committees or their members.

In the Senate Committee's analysis of § 1102, however, the Committee stated:

Compensation and reimbursement will be *allowed for contributions to the reorganization* pursuant to section 503(b)(3) and (4).[8]

The comparable analysis of § 1102 in the House Report does not address this issue.[9] The House Report does, however, address the anticipated role of § 1102 committees:

> The supervisory functions of the committees will be diminished [as compared with similar committees under the Bankruptcy Act] due to the existence of the United States trustee. They will primarily be negotiating bodies for the classes of creditors they represent.

> .  .  .  .  .

> [Chapter 11] permits the plan of reorganization to affect secured debt and equity as well as unsecured debt. Thus, the bill also provides for additional committees, with status equal to that of the unsecured creditors' committee, when such additional committees are needed to represent various other interests in this case, including secured creditors, subordinated creditors, and equity security holders.[10]

The 1984 colloquy between Senators DeConcini and Dole,[11] relied upon by appel-

1. *See* Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc. No. 93–197, 93d Cong., 1st Sess., Pts. I and II (1973), *reprinted at,* 2 Collier's on Bankruptcy App., I ("Commission Report").

2. *See* 2 Collier's on Bankruptcy App., I at 99.

3. *Id.*

4. *Id.* at 103.

5. *See* 3 Collier's on Bankruptcy App., III at 1, 382–84 (H.R. 8200) and VII at 1, 381 (S. 2266).

6. H.R.Rep. No. 595, 95th Cong., 2d Sess. 355 (1978), *reprinted at,* 1978 U.S.Code Cong. & Ad.News 6311.

7. S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978), *reprinted at,* 1978 U.S.Code Cong. & Ad.News 5852.

8. S.Rep. No. 95–989 at 114, *reprinted at,* 1978 U.S.Code Cong. & Ad.News 5900 (emphasis added).

9. *See* H.R.Rep. No. 95–595 at 401, *reprinted at,* 1978 U.S.Code Cong. & Ad.News 6357.

10. H.R.Rep. No. 95–595 at 104, 235–36, *reprinted at,* 1978 U.S.Code Cong. & Ad.News 6065, 6195 (footnotes omitted).

11. Congressional Record, Friday, October 5, 1984, at S–13772:

> SEN. DECONCINI: On another matter confusion has arisen concerning the payment of necessary expenses incurred by a creditors' committee appointed under Section 1102. Although there is not a specific provision providing for this type of expense in the Code, this has long been the practice and the obvious equitable thing to do. Would you agree that this type of expense should be paid and that nothing in the recently enacted Bankruptcy Amendments and Federal Judgeship Act would suggest a different construction?
> SEN. DOLE: I absolutely agree. It is essential for the orderly and professional administration of bankruptcy cases, that creditors and creditors' committees that incur reasonable

lant, is an interesting comment regarding the payment of expenses of creditors' committees; but, by its own terms, it discusses the effect of the later Bankruptcy Amendments and Federal Judgeship Act, not the earlier Act of 1978. Particularly in light of that limitation, it cannot rebut the language of the Act itself or the contemporaneous Congressional Committee Reports accompanying the Act.[12] Nor, we think, does it suggest that our interpretation of the statutory scheme intended by that Act is incorrect.

A finding that a particular § 1102 committee is "necessary for the adequate representation" of a group cannot be extrapolated to a finding that the persons appointed to that committee will necessarily make a "substantial contribution" to the reorganization process contemplated in Chapter 11. Debtors submitting themselves to Chapter 11 proceedings do not contemplate their unalterable demise; rather, they seek rehabilitation in order to continue business operations.[13] As one bankruptcy judge has phrased it:

> [S]imple appointment to a [§ 1102] committee cannot result in a right to reimbursement. That right can only arise when the member has personally made a substantial contribution to the estate.... Any other interpretation of § 503(b)(3)(D), insofar as an individual member is concerned, is simply unwarranted.[14]

### SECTION 503(b)

The Bankruptcy Reform Act of 1978, Pub.L. 95–598, modified the pre-existing Bankruptcy Act of 1898 and is codified as Title 11 of the U.S. Code. The Code addresses reimbursement of "administrative expenses" at 11 U.S.C. § 503(b), which provides in relevant part:

> § 503. Allowance of administrative expenses
>
> .   .   .   .   .
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, ... including—
>
> .   .   .   .   .
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> .   .   .   .   .
>
> (D) ... an equity security holder, or a committee representing ... equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter ... 11 of this title; ....[15]

This provision both (1) allows for the reimbursement of administrative expenses to particular persons and committees and (2) establishes the standard by which such reimbursement is to be made.

### Whose Expenses are Reimbursable

The equity committee appointed by the bankruptcy court is a § 1102 committee. Therefore, that portion of § 503(b)(3)(D) that allows reimbursement to a committee "other than a committee appointed under § 1102" cannot be a source of authority for ordering reimbursement to equity committee members.

■ Appellant advises that each equity committee member is an equity security holder, as is required by § 1102. We defer to the bankruptcy judge with regard to

---

12. *Accord In re Global Int'l Airways Corp.,* 45 B.R. 258, 261 (Bankr.W.D.Mo.1984) (Pelofsky, J.).

and necessary expenses in their service on creditors' committees be reimbursed. Nothing in BAFJA was meant to change the well-settled practice of paying necessary expenses of creditors while serving on creditors' committees.

13. *See* S.Rep. No. 95–989 at 9, *reprinted at,* 1978 U.S.Code Cong. & Ad.News at 5795; H.R.Rep. No. 95–595 at 220, *reprinted at,* 1978 U.S.Code Cong. & Ad.News at 6179.

14. *In re Grynberg,* 19 B.R. 621 (Bankr.Col.1982) (Moore, J.).

15. 11 U.S.C. § 503(b)(3)(D) (as amended July 10, 1984).

that finding of fact. As an equity security holder, any member of the equity committee may seek reimbursement of "administrative expenses" under § 503(a).[16] To the extent the bankruptcy judge ruled otherwise, his opinion is reversed and the case is remanded with instructions to enter an order modifying his order consistent with this opinion.

### Standard of Reimbursement

■ As noted above, § 503(b)(3)(D) provides its own standard of reimbursement for the persons and committees covered therein. To be reimbursable, the administrative expenses must be incurred by a person or a committee "in making a substantial contribution in a case." The bankruptcy judge was correct in his finding as a matter of law that the relevant standard for determining reimbursability is "substantial contribution" by that person or committee.

■ However, this Court holds that expenses incurred by the members of a § 1102 committee, in furtherance of the authorized business and mission of that committee, are presumed to be expenses incurred toward the betterment of the estate and to the benefit of the estate. The only expenses of § 1102 committee members that should not be reimbursed are those that are shown to be frivolous or not in furtherance of the betterment of the estate. The § 1102 committee member who seeks reimbursement must make some showing to the bankruptcy judge so that the judge can distill those expenses that are not reimbursable from those that are.

---

**16.** Although the motion was filed by the equity committee and not by its individual members, neither the bankruptcy court nor this Court has considered that as a basis for any ruling in this opinion with regard to the rights of individual members to seek reimbursement of administrative expenses.