## In re AUTOMOTIVE NATIONAL BRANDS, INC., Debtor.

Bankruptcy No. 84–2565.
Motion No. 85–3162.

United States Bankruptcy Court,
.W.D. Pennsylvania.

July 28, 1986.

Charles J. Vollmer, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, Pa., for Creditors' Committee.

Thomas P. Lutz, Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pa., for debtor.

### MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

The Creditors' Committee requests reconsideration of this Court's denial of reimbursement for expenses for members of the Creditors' Committee and a fee for the secretary in the amount of $6,723.85. For this purpose, the Court accepts as fact without a hearing that these expenses were actually incurred and that the related meetings and work of the Committee had a salutory effect on the bankruptcy administration. The Court proceeds to decide this case as a matter of law. Reimbursement of expenses of the Creditors' Committee

was denied on December 16, 1985. Motion for Reconsideration is denied.

## DISCUSSION

Reimbursement of expenses incurred by a member of the official Creditors' Committee is not provided for in Chapter 11 of the Code. Nevertheless, arguments are made that this type of reimbursement is permitted under 11 U.S.C. § 330, § 503(b)(3)(D) and Bankruptcy Rule 2016.

■■■■ Section 330 provides in relevant part:

> (a) After notice ... and a hearing ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or
>
> to the debtor's attorney—
>
> .    .    .    .    .
>
> (2) reimbursement for actual, necessary expenses.

Section 1103 permits the Committee to employ professional persons including attorneys, accountants or other agents to represent or perform services for the Committee. It does not permit the employment of committee members. Section 330 does not authorize the reimbursement of member's expenses.

In *In the Matter of UNR Industries, Inc.*, 736 F.2d 1136 (7th Cir.1984), the Unsecured Creditors' Committee sought recovery of expenses arising from the taking of discovery on a motion for conversion. The Court of Appeals dealt with the subject thoroughly and did not permit payment of the expenses under either § 330 or Rule 2016, stating:

> Nothing on the face of § 330 or § 1103 provides for reimbursement of the Committee's own expenses (as contrasted with reimbursement for the expenses of persons employed under § 1103). However, the Committee makes two arguments in support of its contention that § 330 provides for reimbursement of the Committee's expenses. First, the Committee relies on the Advisory Committee Note to Bankruptcy Rule 2016. Rule 2016(a) sets forth the requirements for

making an application for reimbursement of expenses under § 330. The Advisory Committee Note provides that "Subdivision (a) includes within its provisions a *committee.*" (Emphasis added). Based on this part of the Note, the Committee argues that it is entitled to reimbursement. We must reject this argument because the same Note makes it clear that "§ 330 sets forth the bases for allowing compensation." Thus, because the substantive basis for reimbursement does not appear in § 330, the procedural rule may not properly be relied on to provide such a basis.

The Committee's second argument in support of its contention that it is entitled to reimbursement under § 330 is that § 330 was meant to carry forward provisions of prior law which allowed for committee reimbursement. The omission of the Committee itself from § 330, it is contended, is an inadvertent "defect" in the Bankruptcy Code. Several bankruptcy courts have addressed this question. For example, the bankruptcy court in *In re Farm Bureau Services, Inc.*, 32 Bankr. 69, 69–71 (Bankr.E.D.Mich.1982), held that the new Bankruptcy Code did not carry through, in § 330, provisions of prior law which allowed reimbursement of Committee expenses. The court recognized that some courts have allowed the Committee to recover expenses but only under 11 U.S.C. § 503(b)(3)(D). The Committee, in the case before us, has, of course, disavowed reliance on that provision. In any event, the court in *Farm Bureau* declined to allow reimbursement of Committee expenses because it recognized that to do so would be to "rewrite the bankruptcy legislation." *Id.* at 71. Similarly, the bankruptcy court in *In re Major Dynamics, Inc.*, 16 Bankr. 279, 280–81 (Bankr.S.D.Cal.1981) held that provisions of prior law which allowed Committees and their members to recover expenses were not reenacted in § 330 or any other section of the new Bankruptcy Code. *Accord In re Interstate Restaurant Systems, Inc.*, 30 Bankr. 32,

*reaffirmed on reconsideration,* 32 Bankr. 103 (Bankr.S.D.Fla.1983).

We conclude that, as relevant to this case, section 330 provides only for reimbursement of expenses incurred by professional persons hired by the Committee with court approval pursuant to 11 U.S.C. § 1103. Thus, expenses incurred, for example, by the Committee's counsel are chargeable to the debtor. *See In re The Liberal Market, Inc.,* 24 Bankr. 653 (Bankr.S.D.Ohio 1982); *In re Interstate Restaurant Systems, Inc., supra; In re Bear Lake West, Inc.,* 32 Bankr. 272 (Bankr.D.Idaho 1983). However, reimbursement of expenses of the Committee itself, or of individual members of the Committee is not provided for in § 330. *See In re Bear Lake West, Inc., supra; In re Interstate Restaurant Systems, Inc., supra; In re Major Dynamics, Inc., supra.*

The sole remaining basis for payment of these expenses is § 503(b)(3)(D). It provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under § 502(f) of this title, including—
>
> . . . .
>
> (3) The actual, necessary, expenses, other than compensation and reimbursements specified in paragraph (4) of this subsection, incurred by—
>
> . . . .
>
> (D) A creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under § 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;

■ It is clear from this language that an official Creditors' Committee which is appointed under § 1102 may not recover its expenses under this provision. Only a creditor or unofficial committee making a substantial contribution in a case may be reimbursed. This section does not provide authorization to pay routine expenses of official committee members. Nevertheless, some Bankruptcy Courts have permitted reimbursement under various theories.

Under the former Bankruptcy Act, the Creditors' Committee and individual members were thought to be entitled to reimbursement for their reasonable and necessary expenses under former Bankruptcy Rule 11–29. However, the part of that Rule which permitted reimbursement of expenses was not expressly carried forward to the new Bankruptcy Code. See *In re Interstate Restaurant Systems, Inc., supra,* and *In re Major Dynamics, Inc., supra.*

Under the 1978 Code, in several cases the practice of reimbursement under old Rule 11–29 was continued on the theory that creditor participation should be encouraged. See *In re Pennsylvania T & R Rubber Co.,* 25 B.R. 18 (Bkrtcy.N.D.Ohio 1982), and *Fireside Office Supply, Inc.,* 17 B.R. 43 (Bkrtcy.D.Minn.1981). In *In re Grynberg,* 19 B.R. 621 (Bkrtcy.D.Colo. 1982), the Court permitted recovery of expenses by finding that the individual members of the committee provided substantial contribution to the reorganization.

More recently, Judge Schwartzberg in *In re Toy & Sports Warehouse, Inc.,* 38 B.R. 646 (Bkrtcy.S.D.N.Y.1984), permitted five members of the official Creditors' Committee to be reimbursed for travel and lodging expenses incurred in attending meetings of the Committee. The Court relied upon Bankruptcy Rule 2016 and *In re GHR Energy Corp.,* 35 B.R. 539 (Bkrtcy.D.Mass. 1983), in holding that recovery should be permitted to encourage participation of creditors in the reorganization process. Especially:

> Since the Bankruptcy Code is so structured as to contemplate negotiations and give and take between the debtor and the creditors. It is in this context that knowledgeable creditors should take an active role in determining the course that the reorganization case should take, including an investigation and examination into the conduct of the debtor's affairs and the negotiations necessary for the confirmation of the debtor's plan of reor-

ganization. Such participation by individual creditors as members of an official creditors' committee should not be chilled by requiring them to finance their travel and out of pocket expenses incurred in attending official creditors' committee meetings. Such costs are palpably necessary and a part of the recoverable administrative expenses contemplated under the Bankruptcy Code and Rules.

Despite the sound policy and reasoning of Judge Schartzberg, this Court believes that the 7th Circuit's holding in *UNR Industries, Inc.* that no statutory basis exists for reimbursement of Creditors' Committees' expenses under § 330 and Rule 2016 is the law. We find no statutory basis for the payment of the expenses of the official Creditors' Committee under § 503(b)(3)(D). In deciding to pay their attorney's fees and expenses, Congress struck a compromise. While active participation by creditors is to be encouraged, the remedy of reimbursement from the estate for the committee member expenses should be supplied by Congress, not by the Court.

An appropriate Order will issue.