### In re NORTHEAST DAIRY COOPERATIVE FEDERATION, INC., Debtor.

**Bankruptcy No. 85–00721.**

United States Bankruptcy Court,
N.D. New York.

May 8, 1987.

See also, Bkrtcy., 76 B.R. 910.

Menter, Rudin & Trivelpiece, P.C. (Peter L. Hubbard, of counsel), Syracuse, N.Y., for Creditors' Committee.

Hancock & Estabrook (James J. Canfield, of counsel), Syracuse, N.Y., for debtor.

---

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Official Creditors' Committee of Debtor ("Committee") seeks reimbursement of expenses incurred by the individual members during the period September, 1985 through December, 1986. The expenses total $9,101.70, and were incurred by the Chairman of the Committee and nine individual members.

As the Committee has observed in its application, there is a very definite split of authority on the issue of whether the members of an official creditors' committee, appointed pursuant to § 1102 of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code"), are entitled to any expense reimbursement from the debtor's estate.

Although the Second Circuit Court of Appeals has not addressed the issue of creditor committee reimbursement, at least one Circuit Court has concluded that Code § 330 does not permit reimbursement of the members of the creditors' committee for expenses incurred in connection with certain discovery efforts. *Matter of UNR Industries, Inc.,* 736 F.2d 1136, 1139 (7th Cir.1984). The Seventh Circuit Court of Appeals limited its decision to an analysis of Code § 330, specifically noting that it expressed "no opinion on whether these expenses would be chargeable to the debtor under some other theory." *Id.,* 736 F.2d at 1138 n. 4.

Two more recent bankruptcy court decisions have followed the Seventh Circuit's holding, while expanding their analysis to include other relevant Code sections, as well as the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."). *See In re Automotive National Brands, Inc.,* 65 B.R. 412 (Bankr.W.D.Pa.1986); *In re J.E. Jennings, Inc.,* 67 B.R. 106 (Bankr.E.D.Pa. 1986).

In *J.E. Jennings, Inc., supra,* Bankruptcy Judge Scholl analyzes Code § 503(b)(3)(D) and after discussing the relevant case law both pro and con, concludes that

In any event, the decision as to what participants in the bankruptcy process may receive compensation is in the hands of Congress, and, for whatever reasons Congress acted or failed to act as it did, we must, as the *UNR* court holds, 'faithfully adhere' to the balance of the creditors' interests and preservation of the debtor's estate established by Congress in the Code.

*Id.,* 67 B.R. at 111.

Bankruptcy Judge Scholl's conclusion represents a literal interpretation of Code § 503(b)(3)(D), which provides there shall be allowed as an administrative claim the actual and necessary expenses of "a committee representing creditors or equity security holders other than a committee appointed under § 1102 of this title, in making a substantial contribution in a case under Chapter 9 or 11 of this title;".

Logically, Bankruptcy Judge Scholl concluded that having specifically exempted a creditors' committee appointed pursuant to Code § 1102 (official creditors' committee) from eligibility for reimbursement of its members' expenses, Congress, and not the courts, must reconsider a statute which the Court acknowledges could result in, "undermining active creditor involvement" in a Chapter 11 case.

While it is difficult to take issue with rationale of cases such as *In the Matter of UNR Industries, Inc., supra, In re Automotive National Brands, Inc., supra,* and *In re J.E. Jennings, Inc., supra,* the Court does not believe that Congress, in enacting the Code, (specifically Code § 503(b)(3)(D)), intended to allow compensation to an "unofficial" committee of creditors who substantially contribute to the case, yet deny compensation to the so-called official creditors' committee appointed pursuant to Code § 1102, whose powers and duties are specifically enumerated by statute. Code § 1103.

As aptly stated by Bankruptcy Judge Paul W. Glennon in *In re GHR Energy Corp.,* 35 B.R. 539, 543 (Bankr.D.Mass. 1983), commenting on the premise that Congress could not have intended to deny

expense reimbursement to members of an official creditors' committee:

> Finally, under the scheme adopted by the Bankruptcy Reform Act of 1978, i.e., with the bankruptcy judge removed from active participation in the case and the preference for leaving the debtor in possession, a § 1102 committee has a more important role in terms of monitoring the debtor's business life and developing the terms of the plan of reorganization. I do not believe that it is sensible to conclude that Congress mandated a more critical role for official committees and at the same time chose to change the existing rule and bar members from obtaining reimbursement for the expenses incurred in performing their duties. (footnotes omitted).

Prior to the adoption of the Code, Former Bankruptcy Rule 11–29 authorized expense reimbursement to official creditors' committees and their members. However, Rule 11–29, insofar as it pertained to such reimbursement, was not included in either the Code, or the new Bankruptcy Rules adopted pursuant to the Code.

As has been pointed out in numerous decisions both pro and con, the Advisory Committee Note accompanying Fed.R. Bankr.P. 2016, indicates the Rule was intended to encompass "a committee, member thereof, agent, attorney or accountant for the committee when compensation or reimbursement of expenses is sought from the estate." Unfortunately, Fed.R. Bankr.P. 2016 does not specifically include a reference to the official creditors committee or its members, and obviously the Advisory Committee Note does not carry the force of law.

After considering the various views reflected in the many conflicting bankruptcy court decisions, as well as the rationale of the United States Court of Appeals for the Seventh Circuit, the Court is compelled to adopt the view expressed by Bankruptcy Judge Robert John Hall in *In re General Oil Distributors, Inc.*, 51 B.R. 794, 804–06 (Bankr.E.D.N.Y.1985).

Even those courts that have interpreted paragraph (D) to exclude reimbursement for the statutory committee have indicated that logic and equity seem to demand a different result, and have therefore been unable to conjecture why Congress would have desired to permit recovery for non-statutory committees but summarily deny recovery for committees appointed under Section 1102. *See e.g., In re Lyons Machinery Co.*, 28 B.R. 600, 602 (Bankr.E.D.Ark.1983). The effect of such an inconsistency would be to promote a shift away from the nonreimbursable statutory committee to the fully recoverable voluntary committee, thereby rendering meaningless almost the entire statutory mechanism which Congress explicitly provided for in Chapter 11 cases. *See In re Major Dynamics, Inc.*, 16 B.R. 279, 280 (Bankr.S.D.Cal.1981).

*See also In re Global International Airways Corp.*, 45 B.R. 258 (Bankr.W.D.Mo. 1984); *In re Toy & Sports Warehouse, Inc.*, 38 B.R. 646 (Bankr.S.D.N.Y.1984); *In re GHR Energy Corp., supra.*

Accordingly, the Court concludes the reasonable expenses incurred by members of the Official Creditors' Committee of the Debtor, appointed pursuant to Code § 1102, are reimbursable.

Turning to the actual application of the Committee, the Court will approve the application as submitted, with the exception of the meal expense submitted by Edwin Fitchett, which the Court reduces to the sum of $420.00, making a total reimbursement to Edwin Fitchett of $2,189.52, and the meal expense of Alson Fitchett, which the Court reduces to $35.00, making a total reimbursement to Alson Fitchett of $296.29.

The Court notes its approval of allowances herein is limited to the expenses of the members of the Committee, and is not to be interpreted as an approval of expenses of similar type and amount when incurred by professionals appointed pursuant to Code § 327.

IT IS SO ORDERED.