In re The **WESTERN COMPANY OF NORTH AMERICA.**

**Appeal of UNITED STATES TRUSTEE.**

Civ. A. No. 4–90–457–A.

United States District Court,
N.D. Texas,
Forth Worth Division.

Jan. 23, 1991.

Stephen Karotkin, New York City, Martin Allen Sosland, Weil Gotshal & Manges, Dallas, Tex., for debtor.

William Thomas Neary, U.S. Dept. of Justices Trustee, George F. McElreath, U.S. Dept. of Justice, Dallas, Tex., for appellant.

Christopher J. Volkmer, Winstead McGuire Sechrest & Minick, Dallas, Tex., for appellee.

## ORDER

McBRYDE, District Judge.

This action comes before the court as an appeal from an order entered by the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding. The court, having reviewed appellant's brief, the record on appeal, and applicable authorities, makes the following determination:

Appellant, the United States Trustee, appeals from a bankruptcy court signed October 25, 1989, which disallowed $7,956.01 of a request for reimbursement of expenses by members of the official unsecured creditors' committee (the "committee") in the chapter 11 reorganization of The Western Company of North America, debtor.

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to de novo review. *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986). Findings of fact, however, will not be set aside unless clearly erroneous. *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1287 (5th Cir.1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

On June 12, 1989, the committee filed an amended application for "final reimbursement of actual and necessary expenses incurred." The application sought reimbursement of $109,980.60 in expenses incurred by the members of the committee while performing their official committee functions. The amount sought was noticed to the creditors of debtor and no objections thereto were filed. The bankruptcy court conducted a hearing October 19, 1989, to consider the application and *sua sponte* disallowed certain expenses. By order signed October 25, 1989, the bankruptcy court allowed reimbursement of $102,024.59. Appellant filed a motion for reconsideration and a hearing thereon was held February 14, 1990. By order signed February 21, 1990, the bankruptcy court denied the motion for rehearing. No findings of fact or conclusions of law were made in writing by the bankruptcy court.

The transcripts of both the October 19, 1989, and February 14, 1990, hearings have been included in the record on appeal. These transcripts reveal that the bankruptcy court's disallowance of $7,956.01 was based on said court's policy of not allowing reimbursement for hotel rooms in excess of $75.00 per night in Fort Worth, Texas, or in excess of $125.00 per night in New York City. In addition, the bankruptcy court disallowed, as a matter of policy, all ground transportation charges in excess of $20.00 per trip.[1]

Appellant submits that there are two issues for decision on this appeal:

(1) Whether the bankruptcy court abused its discretion in denying reimbursement for actual, necessary ex-

---

1. The bankruptcy court also stated that all hotel valet service charges would be disallowed. There is no indication in the record that reimbursement for any such charges was sought.

penses of members of the official unsecured creditors' committee, and

(2) Whether the bankruptcy court committed clear error in taking judicial notice of non-adjudicative facts.

■ Although the bankruptcy code does not specifically provide therefor, the reimbursement of out-of-pocket expenses incurred by a § 1102 committee has been justified under 11 U.S.C. § 503(b)(1) or, with respect to individuals serving on such a committee, under 11 U.S.C. § 503(b)(3)(D). *In re Kaiser Steel Corp.*, 74 B.R. 885, 890 (Bankr.D.Colo.1987). Expenses incurred by members of a § 1102 committee in furtherance of the business and mission of that committee are presumed to be expenses incurred toward the betterment of the estate and to the benefit of the estate. *In re Evans Products Company*, 62 B.R. 579, 583 (S.D.Fla.1986). The only expenses not to be reimbursed are those that are shown to be frivolous or not in furtherance of the betterment of the estate. *Ibid.*

■ The award of expenses is within the sound discretion of the bankruptcy court. *In re Evangeline Refining Co.*, 890 F.2d 1312, 1325 (5th Cir.1989). Reversal is appropriate only where the bankruptcy court (1) fails to apply the proper legal standard or follows improper procedures in determining the award, or (2) bases an award on findings of fact that are clearly erroneous. *Ibid.*

■ In this case, the court finds that the bankruptcy court failed to apply the proper legal standard in reviewing the application for reimbursement of the committee's expenses. The bankruptcy code provides that "there shall be allowed" administrative expenses including "actual, necessary costs and expenses." 11 U.S.C. § 503. Rather than considering whether the expenses for which reimbursement was sought were actual, necessary expenses, however, the bankruptcy court started with an arbitrary cap on hotel and transportation expenses.

The bankruptcy court's cap was based on taking judicial notice of facts outside the record. In discussing the caps, the bankruptcy court stated:

The Fort Worth area hotel rate of $75.00 per night, maximum, will be the only amount allowed, both in the original and in the final application.

And then the New York area, the maximum amount will be allowed for hotel, will be $125.00. The court does not live in a vacuum, and the court, in the practice of law, traveled to New York many, many times and is aware of the cost of lodging in the New York area.

.    .    .    .    .

The airport—all airport limousine charges will be reduced to $20.00, both in the original and the final application.

Transcript 10/19/89 at 16–17.

And that is that the—that there was to be a cap applied on hotel bills in Fort Worth of $75.00 and in Dallas at $125.00. That applied to attorneys, and that also applied to members of the creditors' committees.

And the reason for that is, because I know, this court does not live in a vacuum, and this court knows that there are comfortable, by my definition of comfortable, your definition of comfortable being Motel 6 uncomfortable, is not an adequate definition. That does not suit me.

My definition of uncomfortable, or an attorney can find very comfortable lodging in Fort Worth, Texas for $75.00 and under. And in Dallas, Texas for $125.00 or under. That cap is applied to, across-the-board, to members of creditors' committees, attorneys, accountants, investment bankers, whoever they are.

Transcript 2/14/90 at 16–17.

Judicial notice of facts outside the record is appropriate where such facts are "self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities." *Hardy v. Johns–Manville Sales Corp.*, 681 F.2d 334, 347 (5th Cir.1982). Judicial notice of personal, subjective beliefs is improper. *Government of the Virgin Islands v. Gereau*, 523 F.2d 140, 147 (3rd Cir.1975). The record in this case reflects that the bankruptcy court based its decision on subjective, personal

beliefs. The bankruptcy court committed clear error in so doing.

A further reason for finding that the bankruptcy court erred is that, in the Fifth Circuit, it is an abuse of discretion to set fees in accordance with local caps. *Neely v. City of Grenada*, 624 F.2d 547, 549 (5th Cir.1980); *Knighton v. Watkins*, 616 F.2d 795, 800 (5th Cir.1980). The facts and circumstances of each individual case must be taken into account when assessing the reasonableness of fees and expenses. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). The record here reflects no such individualized consideration by the bankruptcy court.

For the reasons set forth herein, the court concludes that the order appealed from was an abuse of discretion. In the interest of judicial economy, this court will render a decision allowing the reimbursement of the $7,956.01 to the committee.[2] Bankr.R. 8013.

## JUDGMENT

In accordance with the memorandum opinion signed this day, the court ORDERS that the decision of the bankruptcy court from which this appeal is taken be and is hereby reversed and judgment is rendered the appellant, The United States Trustee, have and recover from the bankruptcy estate the sum of SEVEN THOUSAND NINE HUNDRED FIFTY-SIX AND 01/100 DOLLARS ($7,956.01) for the reimbursement of expenses incurred by the official unsecured creditors' committee.

---

2. This court has not made an independent calculation of the amount to be reimbursed, but relies on the representations of counsel for appellant, which are uncontroverted.