### In re AUTOMATIC SPRING PRODUCTS, INC., Debtor.

**Bankruptcy No. 84–00463–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 3, 1985.

A. Rodger Traynor, Jr., Fowler, White, Burnett, Hurley, Banick & Stickroot, P.A., Miami, Fla., for National Acceptance Company.

Brian K. Gart, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for Debtor.

## ORDER ON FEE APPLICATION

THOMAS C. BRITTON, Bankruptcy Judge.

A confirmation hearing was held upon this chapter 11 debtor's plan on April 1. All fee applications subject to review by this court were required to be presented and noticed for that hearing as well. The only application presented was that of National Acceptance Company, the debtor's major pre-petition secured creditor. (C.P. No. 69). This creditor seeks $5,670 for legal services and $310 for expenses. The application was not opposed by the debtor.

The confirmation of the debtor's plan is under advisement. It is not uncommon for the debtor to be reluctant to challenge a creditor's fee application at the sensitive moment of confirmation when the debtor is soliciting support for its plan. Whatever the reason, this court's responsibility to scrutinize all fee applications is not relieved by the debtor's silence.

The application does not suggest that a fee is recoverable by contract made with the debtor and approved by this court. Therefore, a fee may be recovered from this debtor's estate if, but only if, it is authorized by statute. Movant has not identified any statutory basis for any compensation from this estate. The only possible statutory basis for this application is 11 U.S.C. § 503(b)(3)(D) which allows as an administrative expense the actual necessary expenses incurred by:

> "a creditor ... in making a *substantial contribution* in a case under chapter 9 or 11 of this title". (Emphasis added).

Applying prior law, the Fifth Circuit found it "eminently reasonable" to distinguish between services beneficial to the estate and services beneficial primarily to the creditor. *Matter of Multiponics, Inc.,* 622 F.2d 731, 734 (5th Cir.1980). The holding remains pertinent to the present Code.

*Id.* n. 6; *Collier on Bankruptcy* ¶ 503.-04[3][d] at 503–38 (15th ed.).

The applicant is in the business of lending money. It exacted and will receive the interest it demanded for its loan. The loan also was intended to preserve its security by avoiding an immediate distress sale of a closed business.

The applicant has failed to carry its burden of demonstrating that the services covered by this application were beneficial primarily to the estate rather than to itself.

The application reflects that 48.5 hours have been spent by several lawyers and a paralegal assistant since March 2, 1984 at an average charge of $117 per hour. A substantial part of these services were spent merely in monitoring the bankruptcy proceeding, a precaution which any major secured creditor would take for its own protection. This creditor provided post-petition credit of approximately $300,000. Time was spent in preparing the necessary documents to provide the applicant with as much security for this loan as the traffic would bear. The debtor was in a desperate position and in no position to argue. It simply could not borrow money from any other source. The services required and provided by these attorneys to their client were necessary and valuable to that client. The benefit to the debtor was purely incidental. I find that all the services provided by this creditor, through its attorneys, were beneficial primarily to the creditor, and that the creditor has not made a substantial contribution in this case which would justify the administrative allowance of a fee from the estate.

The application is denied.