PER CURIAM.
 

 The Chapter 11 bankruptcy proceeding underlying this appeal was commenced in November of 1980. In October of 1985, John T. Haskins, a creditor of the Listers who did not have prior court approval to act for the estate, filed an application for administrative expenses with the bankruptcy court pursuant to 11 U.S.C. § 503(b)(3)(D) (1982).
 

 Section 503(b)(3)(D) provides:
 

 (b) [a]fter notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
 

 (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
 

 (D) a creditor ... in making a
 
 substantial contribution
 
 in a case under chapter 9 or 11 of this title ... (emphasis supplied).
 

 Mr. Haskins sought compensation for administrative expenses in the amount of approximately $326,000. After a hearing, the bankruptcy court denied the application, ruling that Mr. Haskins’s efforts had not substantially contributed to the bankruptcy estate.
 

 Mr. Haskins appealed the denial to the district court, which affirmed. This appeal is from that affirmance.
 

 An appellate court will review a trial court’s findings of fact using a clearly erroneous standard.
 
 In re Mullet,
 
 817 F.2d 677, 678 (10th Cir.1987). A trial court’s application of rules of law will be reviewed under a de novo standard.
 
 Id.
 
 at 679. The trial court has wide discretion to determine the appropriate
 
 amount
 
 of expenses to be awarded under section 503(b)(3)(D).
 
 In re Consolidated Bancshares, Inc.,
 
 785 F.2d 1249, 1252 (5th Cir.1986). The
 
 allowance
 
 of administrative expenses under that section should also be left to the trial court’s discretion.
 
 See In re Grynberg,
 
 19 B.R. 621, 623 (Bankr.D.Colo.1982). We will, therefore, review the trial court’s denial of
 
 *57
 
 the application for administrative expenses using an abuse of discretion standard.
 

 The only issue presented on appeal, then, is whether the bankruptcy court abused its discretion in denying Mr. Haskins’s application for administrative expenses. In determining whether there has been a “substantial contribution” pursuant to section 503(b)(3)(D), the applicable test is whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor’s estate and the creditors.
 
 In re Jensen-Farley Pictures, Inc.,
 
 47 B.R. 557, 569 (Bankr.D.Utah 1985);
 
 see Consolidated Bancshares,
 
 785 F.2d at 1253. Mr. Haskins, as the applicant, had the burden of proving a “substantial contribution.”
 
 In re Werth,
 
 32 B.R. 442, 444 (Bankr.D.Colo.1983).
 

 The efforts for which Mr. Haskins sought compensation can be divided generally into three broad categories: pre-petition efforts which only incidentally benefited the estate; post-petition efforts which failed to contribute to the estate; and, post-petition efforts which may have minimally contributed to the estate.
 

 In January of 1980, Mr. Haskins obtained a judgment in the United States District Court for the Eastern District of Arkansas against the Listers in the amount of $440,-000, plus $42,500 in interest and attorney’s fees. He then began efforts to collect that judgment. These collection efforts included gathering information concerning the Lister’s assets and enjoining the transfer of those assets, as well as commencing garnishment and attachment proceedings against the Listers’s property. Subsequently, the Listers commenced the underlying proceedings. The filing of the Chapter 11 petition stayed Mr. Haskins’s collection efforts. Although he never collected any money from these pre-petition efforts, the garnishment and attachment proceedings did freeze certain assets of the List-ers. The bankruptcy trustee was later able to collect several hundred thousand dollars for the bankruptcy estate from the frozen assets.
 

 Administrative expenses incurred prior to the filing of a bankruptcy petition are compensable under 11 U.S.C. § 503(b)(3)(D), if those expenses are incurred in efforts which were intended to benefit, and which did directly benefit, the bankruptcy estate.
 
 Jensen-Farley,
 
 47 B.R. at 565-69. Efforts undertaken by a creditor solely to further his own self-interest, however, will not be compensable, notwithstanding any incidental benefit accruing to the bankruptcy estate.
 
 In re Automatic Spring Prods., Inc.,
 
 50 B.R. 6, 7 (Bankr.S.D.Fla.1985). Generally, creditors are presumed to act primarily in their own interest and not for the benefit of the estate as a whole.
 
 Jensen-Farley,
 
 47 B.R. at 571.
 

 Mr. Haskins undertook these pre-pe-tition efforts solely for the purpose of collecting his judgment. His actions could not have been undertaken in anticipation of the reorganization of the debtors, as he was unaware of the pendency of bankruptcy proceedings until after the petition had been filed. Any benefit accruing to the bankruptcy estate as a result of these efforts was only incidental.
 
 See Automatic Spring Prods.,
 
 50 B.R. at 7;
 
 Jensen-Farley,
 
 47 B.R. at 566-69. The expenses incurred prior to the filing of the bankruptcy petition, therefore, were not compensable pursuant to section 503(b)(3)(D).
 

 After the bankruptcy petition had been filed, Mr. Haskins turned over all the information he had gathered concerning the Listers’s assets to the bankruptcy trustee. Most of this information was also included on the bankruptcy schedules filed on behalf of the debtors. Mr. Haskins sought out and conducted negotiations with potential purchasers of the bankruptcy estate’s assets. None of these potential sales were ever executed. While he also developed the only proposed plan for reorganization of the debtors and negotiated with various creditors on behalf of his plan, it was never approved.
 

 To be compensable under section 503(b)(3)(D), post-petition efforts must result in an actual and demonstrable benefit to the bankruptcy estate.
 
 Consolidated Bancshares,
 
 785 F.2d at 1253;
 
 Jensen-Farley,
 
 47 B.R. at 569. While an award of
 
 *58
 
 compensation does not necessarily depend on the confirmation of a proposed plan of reorganization,
 
 In re Russell Transfer, Inc.,
 
 59 B.R. 871, 872 (Bankr.W.D.Va.1986);
 
 Jensen-Farley,
 
 47 B.R. at 569, only reorganization efforts directly benefiting the estate will be compensated. These post-petition efforts failed to contribute any direct and demonstrable benefit to the estate and consequently were not compensable.
 

 Mr. Haskins remained actively involved throughout the bankruptcy proceedings and furnished some assistance, including the recovery of between $35,000 and $40,000 in hidden assets. Mr. Haskins alleged that he alone had represented the interests of the unsecured creditors, despite his own status as a secured creditor. While these post-petition efforts may have minimally benefited the estate, they clearly did not amount to a “substantial contribution” justifying compensation.
 

 Viewed as a whole, Mr. Haskins’s efforts failed to make a “substantial contribution” to the bankruptcy estate of the Listers. The pre-petition efforts only incidentally benefited the estate. Most of the post-petition efforts failed to confer any actual benefit to the estate. Finally, the post-petition efforts that may have resulted in some benefit to the estate failed to amount to the requisite “substantial contribution.”
 

 The bankruptcy court did not abuse its discretion in denying the application for administrative expenses and the district court correctly affirmed.
 

 The order of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 

 The mandate shall issue forthwith.