In re Diberto                              CV-93-652-JD  06/13/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

In re Robert L. DiBerto                          Civil No. 93-652-JD


O R D E R

In this civil action, Bluebird Trust, Sable Trust, and Argus Trust ("appellants") bring an appeal from an order of the United States Bankruptcy Court for the District of New Hampshire ("bankruptcy court") denying their "Motion for Allowance of Administrative Expenses" (bankruptcy court document no. 160). See document no. 1, Memorandum Opinion.  Jurisdiction is grounded upon 28 U.S.C. § 158(c) and Rule 8001 of the Federal Rules of Bankruptcy Procedure.


Background

On December 3, 1990, Robert L. DiBerto, appellee in this action, filed a Chapter 11 bankruptcy petition with the bankruptcy court.  DiBerto filed his plan of reorganization on August 23, 1991.  To secure repayment to the unsecured creditors, DiBerto's plan proposed that he would provide a non-recourse note and a mortgage on six of his twenty-four parcels of real

property.[1]  Three of these parcels were already subject to first mortgage commitments.  The remainder of DiBerto's property would be subject to claims only from secured creditors.  As a result, the unsecured creditors were left disproportionately vulnerable.

The appellants filed four sets of objections to the proposal.  Three other unsecured creditors also opposed this provision of the plan, although two expressed their willingness to stipulate to approval prior to the final confirmation hearing. At that hearing, DiBerto amended his plan to include a mortgage on all twenty-four parcels of real estate.  On August 6, 1992, the bankruptcy court entered an order confirming the modified plan.[2]  The plan was not appealed and is now a final order.

Following confirmation, the appellants filed a motion seeking compensation for $29,987.34 in administrative expenses incurred while undertaking efforts to procure the amendment to the plan of reorganization.  Applications for allowance of administrative expenses may be granted pursuant to 11 U.S.C. § 503(b)(3)(D).  Section 503(b)(3)(D) provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including --

---

[1]DiBerto had forty-seven creditors, the majority of whom were unsecured.

[2]Several amendments were made to the original plan of reorganization other than the amendment at issue.

> (3) the actual necessary expenses, other than
> compensation and reimbursement specified in
> paragraph (4) of this subsection, incurred by
> --
>
>> (D) a creditor . . . in making a
>> substantial contribution in a case
>> under chapter 9 or 11 of this title
>> . . . .

11 U.S.C. § 503(b)(3)(D) (1993), amended by 11 U.S.C. § 503

(Supp. 1995). The court reviewing the application is charged

with determining whether or not a creditor's efforts resulted in

a substantial contribution. This inquiry is one of fact. In re

Consolidated Bancshares, Inc., 785 F.2d 1249, 1253 (5th Cir.

1986); Ex parte Roberts, 93 B.R. 442, 444 (D.S.C. 1988).

On October 1, 1993, the court held a hearing on the

appellant's motion. At the hearing, the appellants "did not

introduce any evidence to establish the factual question of

substantial benefit to the estate but stated that the [bankruptcy

court] could take judicial notice of the case record and that the

case record itself would establish their having created that

substantial benefit to the estate." Memorandum Opinion at 1-2.

On October 14, 1993, the bankruptcy court denied the motion. The

bankruptcy court stated that appellants' efforts were not

instrumental in improving the plan of reorganization for three

reasons. First, three other creditors had raised the same

objection. Second, the bankruptcy court would not have allowed

3

that feature of the plan to remain regardless of whether any objections had been filed since 11 U.S.C. § 1129(a)(7) requires the bankruptcy court to find a plan of reorganization to be in the "best interests" of the creditors. According to the bankruptcy court, leaving the debtor with unencumbered real estate and the general creditors with an undersecured promise to pay when more security was available would not be in the creditors' best interest. Third, the appellants were primarily motivated by self-interest. The bankruptcy court further ruled that even had the appellants made a substantial contribution to the estate or to the creditors as a whole, they waived their right to reimbursement under § 503(b)(3)(D) by failing to disclose their intention to make such a claim prior to confirmation of the plan of reorganization. This appeal ensued.

## Discussion

The appellants first argue that the bankruptcy court erred when it ruled that the appellants' efforts to procure the amendment to the plan of reorganization was not a substantial contribution to the estate or to the creditors as a whole. The appellants assert that their contribution was substantial "as a matter of law" and seek a de novo review of the bankruptcy court's ruling. Diberto responds that whether the appellants

4

made a substantial contribution is a question of fact subject to deferential review and asserts that the bankruptcy court's denial was appropriate.

Bankruptcy Rule 8013 articulates the appropriate standard of review of an appeal from an order of the bankruptcy court:

> On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

11 U.S.C. Rule 8013. In reviewing a bankruptcy court decision, the court applies a clearly erroneous standard to findings of fact, while conclusions of law are reviewed de novo. In re G.S.F. Corp., 938 F.2d 1467, 1474 (1st Cir. 1991) (citing Bankruptcy Rule 8013) (holding standard of review for district and appellate courts the same). Where questions of both fact and law exist, the court will divide them into their respective components and apply the appropriate test. See In re Brown, 951 F.2d 564, 567 (3d Cir. 1991).

The appellants contend that the bankruptcy court incorrectly considered their motivation as a factor in denying their application for administrative expenses. They assert that as a matter of law their motivation is irrelevant and that they are

5

entitled to an award so long as the estate benefited from their actions.

The bankruptcy court has wide discretion to determine the appropriate amount of expenses to be awarded under § 503(b)(3)(D). In re Lister, 846 F.2d 55, 56 (10th Cir. 1988) (citing In re Consolidated Bancshares, Inc., 785 F.2d 1249, 1252 (5th Cir. 1986)). The allowance of administrative expenses under that section should also be left to the bankruptcy court's discretion. See id.; In re Grynberg, 19 B.R. 621, 623 (Bankr. D. Colo. 1982). Whether the bankruptcy court may consider self-interest in making its decisions is a question of law. However, whether the appellants actually acted in self-interest and whether they made a substantial contribution to the plan are questions of fact. Consolidated Bancshares, 785 F.2d at 1253; Roberts, 93 B.R. at 444. Thus, if the bankruptcy court applied the appropriate legal standard, then its denial of the application for administrative expenses is entitled to deferential review.

I. Legal Standard

In determining whether an applicant seeking administrative expenses has made a substantial contribution pursuant to § 503(b)(3)(D), the bankruptcy court considers whether the

efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and to the creditors. Lister, 846 F.2d at 55; In re Jensen-Farley Pictures, Inc., 47 B.R. 557, 569 (Bankr. D. Utah 1985); Consolidated Bancshares, 785 F.2d at 1253. The services for which compensation is sought must have benefited the estate itself or all of the parties in the case; must have had a direct, significant, and demonstrable positive effect upon the estate; and must not have been duplicative of services performed by others. In re FRG, Inc., 124 B.R. 653, 658 (Bankr. E.D. Pa. 1991) (citing cases). The applicant has the burden of proving a substantial contribution, and entitlement to an award must be established by a preponderance of the evidence. In re United States Lines, Inc., 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989); In re Hanson Indus., Inc., 90 B.R. 405, 409 (Bankr. D. Minn. 1988).

It is well settled that the statutory provision is to be narrowly construed. United States Lines, 103 B.R. at 429. Claims for administrative expenses are given priority and deplete the funds available to general unsecured creditors. In re Cuisinarts, Inc., 115 B.R. 744, 750 (Bankr. D. Conn. 1990). The bankruptcy court has a duty to protect available assets. Therefore, applications to recoup administrative expenses are subject to strict scrutiny. Id.

The reviewing court may consider an applicant's motivation in undertaking the efforts for which the applicant seeks compensation. Id. "`[A] creditor's attorney must ordinarily look to its own client for payment, unless the creditor's attorney rendered services on behalf of the reorganization, not merely on behalf of his client's interest . . . .'" Consolidated Bancshares, 785 F.2d at 1253 (quoting In re General Oil Distributors, 51 B.R. 794, 806 (Bankr. E.D. Pa. 1983). "[C]ase law . . . is clear that `efforts undertaken by a creditor solely to further his own self-interest . . . will not be compensable, notwithstanding any incidental benefit accruing to the bankruptcy estate.'" Cuisinarts, 115 B.R. at 750 (citing Lister, 846 F.2d at 57; In re D.W.G.K. Restaurants, Inc., 84 Bankr. 684, 689 (Bankr. S.D. Cal. 1988)).

The appellants distinguish on factual grounds several of the cases cited by the bankruptcy court and by DiBerto for the proposition that applicants for administrative expenses cannot be compensated for self-motivated actions. For example, in Lister, the court held that the pre-petition efforts of an applicant undertaken solely for his own benefit and not for the benefit of the estate as a whole are not compensable. 846 F.2d at 55. In this action, the applicant is requesting reimbursement for post-petition activities. However, in Lister, the court was not

8

making a statement that the no self-interest rule only applies to pre-petition efforts. Rather, the fact that the applicants' efforts occurred pre-petition was significant to illustrate that the applicant could not have intended to benefit the bankruptcy estate since bankruptcy had not been declared at the time the activities took place. The <u>Lister</u> court embraced the broad policy embodied in the bankruptcy code to protect assets and limit awards except in rare and unusual cases. The bankruptcy court also recognized and followed this well accepted policy. This policy underlies the reasoning behind those cases on which the bankruptcy court relied, even though many are factually distinguishable. The bankruptcy court did not err as a matter of law in considering the motivation underlying appellants' efforts.

## II. Substantial Contribution

The court now considers whether the bankruptcy court's denial of the appellants application for administrative expenses was clearly erroneous. "A finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985) (quoting <u>United States v. Gypsum Company</u>, 333 U.S. 364, 395 (1948)); <u>see</u> <u>In re G.S.F Corp.</u>, 938

9

F.2d at 1474.  Employing the Anderson criteria, the court finds that the bankruptcy court did not abuse its discretion in denying the application.

As noted supra, the determination of whether the efforts of a creditor constitute a substantial contribution is left to the informed discretion of the bankruptcy court.  In re Baldwin-United Corp., 79 B.R. 321, 338 (Bankr. S.D. Ohio 1987); In re Grynberg, 19 B.R. 621, 623 (Bankr. D. Colo. 1982).  "[Section] 503(b)(3)(D) compensation is grounded upon the limitation that the expenses be `actual' and `necessary,' and leave each application to be determined upon its own merits.  Hence, there will always remain in each case questions of whether the services of any applicant creditor have been `substantial' and whether the expenses incurred in that service have been `actual and necessary.'"  Grynberg, 19 B.R. at 623.

The burden of proof is on the applicant to establish entitlement to the award.  In re 9085 E. Mineral Office Building, Ltd., 119 B.R. 246, 249 (Bankr. D. Colo. 1990) (citing cases).  "Something more than mere conclusory self-serving statements regarding one's involvement in a case which allegedly resulted in a "substantial contribution" must be presented to the Court before compensation can be allowed."  Id.  While corroborating testimony from a disinterested party is preferred, a court's

first hand observation may serve as a sufficient basis for finding substantial contribution.  Id.

To keep administrative expenses to a minimum, compensation is generally limited to cases where "unusual creditor actions have led to demonstrated benefits to either the creditors as a whole, the debtor or the estate."  Id. at 250.

> Compensation cannot be freely given to all creditors who take an active role in bankruptcy proceedings. Compensation must be preserved for those rare occasions when the creditor's involvement truly fosters and enhances the administration of the estate.  Such involvement takes the form of constructive contributions in key reorganizational aspects, when but for the role of the creditor, the movement towards final reorganization would have been substantially diminished.  The integrity of § 503(b) can only be maintained by strictly limiting compensation to extraordinary creditor actions which lead directly to significant and tangible benefits to the creditors, debtor, or the estate.

Id. (citing In re D.W.G.K. Restaurants, Inc., 84 B.R. 684, 690) (Bankr. S. D. Cal. 1988).

At the time of the bankruptcy court's hearing on their motion, the appellants chose not to introduce evidence establishing their substantial contribution, but rather to rely on the record before the bankruptcy court.  The bankruptcy court reviewed the records and determined that the appellants' efforts were duplicative, that the appellants were motivated by self-interest, and that the plan would have been modified regardless of the appellants efforts.  The appellants now argue that the

11

bankruptcy court unreasonably failed to reward their accomplish-ment because (1) they "almost singlehandedly . . . forced" DiBerto to include all twenty-four real estate assets as security and (2) their "successful efforts" to "force" modification were motivated by their desire to obtain "greater security for the claims of all creditors."

The court has reviewed the record submitted to the bankruptcy court. The record does not substantiate the claims put forward on appeal. Nothing in the records establishes that DiBerto made his motion to amend in response to the appellants' efforts. DiBerto's motion to amend may have been prompted by the efforts of the other opposing creditors or by the fact that more than one creditor objected to the provision; may have been in anticipation of a negative ruling from the bankruptcy court; or may have occurred for some other reason not contemplated herein. Similarly, nothing in the record establishes that appellants' motivation in filing their objections was even remotely altruistic. "Creditors are presumed to act primarily in their own interests and not for the benefit of the estate as a whole . . . ." Cuisinarts, 115 Bankr. at 750. The appellants admit that they were primarily motivated by self-interest. See Brief of Appellants at 7-12.

12

The bankruptcy court, familiar with the parties and the procedure of the case, concluded that the appellants were self-motivated and that their efforts were not the motivating force behind the amendment. The bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety. To the extent that the appellants possessed evidence contrary to the bankruptcy court's findings, their failure to produce that evidence at the time of the hearing cannot be remedied by appeal to this court. Bald assertions regarding the appellants' reasons for acting and the results achieved cannot now serve as a basis for overturning the bankruptcy court's decision. The bankruptcy court's decision is not clearly erroneous and the court finds no abuse of discretion.

Because the court affirms the bankruptcy court's finding that the appellants did not make a substantial contribution to the estate or to the creditors as a whole, it is not necessary to consider whether the bankruptcy court erred in ruling that appellants are not entitled to administrative expenses due to their failure to disclose their intent to make a claim prior to confirmation of the plan of reorganization. The decision is affirmed.

<u>Conclusion</u>

The bankruptcy court's denial of administrative expenses is affirmed.  The clerk of court is directed to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

June 13, 1995

cc:  Mark H. Gardner, Esquire
     Franklin C. Jones, Esquire
     George Vannah, U.S. Bankruptcy Court