No. 95-1495, In re Amdura Corp.

Attachment (District Court Judge's Memorandum and Order) is not available electronically.

In re: AMDURA CORPORATION; AMDURA NATIONAL DISTRIBUTION COMPANY, formerly known as FOK; COASTAMERICA CORPORATION; COAST TO COAST HOLDINGS, INC.; COAST TO COAST STORES, INC.; INTERTRADE CARGO, INC.; AMDURA CORPORATION, INC.,

     Debtors.

--------------------

AMDURA NATIONAL DISTRIBUTION COMPANY,

     Appellant,

v.

AMDURA CORPORATION, INC.

     Appellee.

No. 95-1495
(D.C. No. 94-M-2119)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **BRORBY,** Circuit Judges.

----

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Amdura National Distribution Company ("Amdura National") appeals the District Court of Colorado's affirmation of the Bankruptcy Court of Colorado's judgment granting Amdura Corporation's Motion for Payment of Administrative Obligations in the amount of $276,063. We affirm the district court's judgment.

Amdura Corporation was a holding company which owned all the outstanding stock of a number of corporate subsidiaries, including Amdura National. On April 2, 1990, Amdura Corporation, Amdura National, and other Amdura Corporation subsidiaries filed for Chapter 11 reorganization.

After disqualifying two law firms that had been representing the debtors collectively, the bankruptcy judge ordered separate counsel for each debtor. Amdura Corporation hired the law firm of Thompson & Knight, and Amdura National hired Mr. Joel Laufer, a sole practitioner. The legal representation of the other debtor entities is not relevant to the issues on appeal.

On May 15, 1992, subsequent to the bankruptcy judge's confirmation of a joint plan of reorganization applicable to all of the debtor entities, Amdura Corporation filed a Motion for Payment of Administrative Obligations pursuant to 11 U.S.C. §§ 503(b)(3)(D) and (b)(4) (1994). In this motion, Amdura Corporation sought to recover from Amdura National a portion of the fees paid by Amdura Corporation to Thompson & Knight for tasks that Thompson & Knight

had performed to the alleged joint benefit of Amdura Corporation and Amdura National.  Amdura Corporation contended that, as the parent corporation, it had ordered its counsel to "take the lead" in resolving a number of problems common to the interrelated debtors, and in so doing had provided Amdura National with, in the terms of § 503, a "substantial contribution" for which it was entitled to reimbursement.

The bankruptcy court, after an evidentiary hearing, allowed Amdura Corporation the requested administrative claim.  The district court affirmed the bankruptcy court's decision.  Amdura National now appeals to the Tenth Circuit, alleging the bankruptcy court failed to apply the "self-interest motive" test we announced in *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988), in finding Amdura Corporation provided the requisite "substantial contribution" to the Amdura National estate.  *See* 11 U.S.C. § 503(b)(3)(D).  Amdura National contends Amdura Corporation would have taken the actions it took regardless of whether benefit accrued to Amdura National, and therefore its actions were motived by self-interest, any benefit to Amdura National being merely incidental.  Thus, Amdura National claims Amdura Corporation did not make a substantial contribution to the Amdura National estate, as § 503(b)(3)(D) requires.[1]

---

[1]  Amdura National additionally claims Amdura Corporation wrongfully circumvented 11 U.S.C. § 327 (1994) ("Employment of professional persons [by the debtor-in-possession]") through use of § 503.  That argument is meritless.

An appellate court reviews a trial court's findings of fact using a clearly erroneous standard, and its application of rules of law under a *de novo* standard. *Lister*, 846 F.2d at 56 (citing *In re Mullet*, 817 F.2d 677, 678-79 (10th Cir. 1987)). The trial court has wide discretion in determining both whether to allow administrative expenses under § 503 and the appropriate amount of expenses to so award. *Id.* (citing *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir. 1986); *In re Grynberg*, 19 B.R. 621, 623 (Bankr. D. Colo. 1982)). Accordingly, we review prior findings of fact for clear error, applications of law under a de novo standard, and the bankruptcy court's overall decision to award Amdura Corporation § 503 administrative expenses for abuse of discretion.

After review of pertinent legal authorities, we find ourselves in agreement with the well-reasoned opinion of the district court judge, Chief Judge Matsch. Accordingly, we affirm his holding for substantially the reasons set forth in his opinion, a copy of which is attached hereto.

**AFFIRMED**.

**Entered for the Court**

---

Amdura Corporation was both a creditor and an equity security holder of Amdura National, and therefore was eligible to seek recompense from Amdura National via § 503 for expenses incurred in providing it professional services. 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4).

**WADE BRORBY**
United States Circuit Judge