**In re CP III LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 96–14296–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

July 6, 1998.

Domenic L. Massari, III, Tampa, FL, for Debtor.

Bernard J. Morse, Tampa, FL, for Gemstar Homes, Inc.

## ORDER ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT TO MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE BY GEMSTAR HOMES, INC. AND ON MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE BY GEMSTAR HOMES, INC.

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Debtor's Motion for Summary Judgment to Motion for Allowance and Payment of Administrative Expense by Gemstar Homes, Inc. (Gemstar), filed by the Debtor, CP III Limited Partnership (Debtor). This Court considered the Motion, together with the record, and heard argument of counsel and now finds as follows:

In September 1995, the Debtor and Gemstar formed Vizcaya Joint Venture (Vizcaya) for the purpose of developing condominium units on real property owned by the Debtor. The Debtor transferred a portion of its real property to Vizcaya and fourteen condominiums were built.

On October 18, 1996, the Debtor filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On June 27, 1997, Gemstar filed its Motion for the Allowance and Payment of Administrative Expense seeking the allowance of an administrative expense, pursuant to Section 503 of the Bankruptcy Code, in an amount equal to one-half of the amounts expended by Gemstar on behalf of Vizcaya. On July 22, 1997, the Debtor filed its Response to the Motion for the Allowance and Payment of Administrative Expense. On September 3, 1997, Gemstar filed its Supplement to Motion for the Allowance and Payment of Administrative Expense.

On October 31, 1997, a Motion to Set Date for Debtor to File Motion to Assume or

**208**

Reject Executory Contract was filed by Gemstar and Vizcaya. On November 26, 1997, this Court entered an Order Granting Motion to Set Date for Debtor to File Motion to Assume or Reject Executory Contract and Debtor to file by December 10, 1997 a Motion to Assume the Executory Partnership Agreement with Gemstar. On December 1, 1997, the Debtor filed its Motion for Summary Judgment to Motion for Allowance and Payment of Administrative Expenses by Gemstar Homes, Inc. (Motion for Summary Judgment), contending that although there is a dispute as to the expenses actually paid by Gemstar and the entitlement to a credit for expenses which have been paid by the Debtor, the Debtor is entitled to judgment in its favor as a matter of law.

The Debtor contends that the parties entered into a written joint venture agreement which controls the rights and obligations of the parties. However, Gemstar contends that the parties' rights and obligations are governed by partnership law pursuant to Florida Statutes Chapter 620. Regardless, the Debtor contends that the Court may rule on the Motion for Summary Judgment as a matter of law in the Debtor's favor without making such factual findings.

Since the filing of this case, Gemstar contends that it has expended or incurred claims in excess of $139,756.76 on behalf of Vizcaya. Gemstar claims that these amounts were reasonably expended and provided a direct benefit to the Chapter 11 estate by preserving and protecting the value of the Debtor's partnership interest in Vizcaya. Thus, Gemstar contends that it should be awarded an administrative expense in an amount equal to one-half of the amounts expended by Gemstar on behalf of Vizcaya.

Gemstar argues that the expenses incurred post-petition for the continuation of Vizcaya should be considered an administrative expense because by paying off partnership debts, Gemstar is reducing each partners' liability. Gemstar contends that by paying partnership debts, Gemstar increased the net equity of Vizcaya and increased the value of the Debtor's partnership interest. Gemstar concludes that this increase in value is preserving the Debtor's estate.

A claim is allowable as an administrative expense under 11 U.S.C. § 503 if: (1) the debt arises from a transaction with the debtor-in-possession; and (2) the debt is beneficial to the debtor-in-possession in the operation of the business. *In re Jartran, Inc.,* 732 F.2d 584, 586–587 (7th Cir.1984), quoting *In re Mammoth Mart, Inc.,* 536 F.2d 950, 954 (1st Cir.1976). In addition, the claimant must not have incurred the expense in question primarily in pursuit of its own self-interest. *In re Lister,* 846 F.2d 55, 57 (10th Cir.1988), citing *In re Automatic Spring Prods., Inc.,* 50 B.R. 6, 7 (Bankr.S.D.Fla. 1985). *But see In re DP Partners Ltd. Partnership,* 106 F.3d 667 (5th Cir.1997) (creditor's motive in taking action that benefits the estate has little relevance in determining whether the creditor should be allowed an administrative expense).

Gemstar's claim fails to meet the requirements to be allowed as an administrative expense. First, the debts paid by Gemstar on behalf of Vizcaya did not arise from transactions with the Debtor. Rather, the debts were obligations of Vizcaya, an entity in which the Debtor holds an interest. Second, while the payment of Vizcaya's debts has the potential for conferring value to the Debtor's estate, in addition to conferring value to Gemstar, it is too early to determine if the expenses paid by Gemstar conferred an actual value to the Debtor's estate.

Assuming, without deciding, that this is a Florida general partnership, under Florida partnership law, Gemstar is liable jointly and severally with the Debtor for all obligations of Vizcaya. FLA. STAT. ch. 620.8306. The record is devoid of any evidence that the parties agreed otherwise. Gemstar, as a partner in Vizcaya, had its own duty to pay all the expenses incurred by the partnership and, therefore, Gemstar was merely paying expenses for which it was liable. Clearly, Gemstar acted in its own self-interest in paying the partnership expenses. *See In re Indiana Walnut Prods., Inc.,* 136 B.R. 522 (Bankr.N.D.Ind.1991) (claimant cannot incur cost primarily in pursuit of its own self-interest). Its benefit to the Debtor was only incidental. *See In re*

*Das A. Borden & Co.,* 131 F.3d 1459 (11th Cir.1997) (incidental benefit is insufficient basis for administrative priority status).

In *In re Das A. Borden,* the Eleventh Circuit Court of Appeals held that accounting services provided for a limited partnership, for which the debtor was a partner, were not necessary to maintain the debtor's bankruptcy estate. *Id.,* 131 F.3d at 1463. "The threshold requirement for an administrative expense is that it be actual and necessary to the preservation of the estate; the benefit must run to the debtor and be fundamental to the conduct of its business." *Id.* quoting *In re Colortex Indus., Inc.,* 19 F.3d 1371, 1383 (11th Cir.1994). Thus, the accounting fees were not an administrative expense, even assuming that, under Alabama law, the debtor was obligated for partnership debts. *Id.,* 131 F.3d at 1464. The accountant could recover the fees only as an unsecured creditor. *Id.*

In light of the foregoing, this Court finds that the Debtor's Motion for Summary Judgment to Motion for Allowance and Payment of Administrative Expense by Gemstar Homes, Inc. should be granted and the Motion for Allowance and Payment of Administrative Expense filed by Gemstar Homes, Inc. should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Summary Judgment to Motion for Allowance and Payment of Administrative Expense by Gemstar Homes, Inc. be, and the same is hereby granted.

It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Allowance and Payment of Administrative Expense filed by Gemstar Homes, Inc. be, and the same is hereby denied.