**In re OVERLAND PARK FINANCIAL CORPORATION, Debtor.**

**Bankruptcy No. 94–21190–11.**

United States Bankruptcy Court, D. Kansas.

June 17, 1999.

Martin Jefferson Davis, Senior Trial Attorney, Office of Thrift Supervision, Washington, D.C., for OTS.

Wilson Siemens, pro se.

Kathryn Bussing, Blackwell, Sanders, Peper, Martin, Kansas City, Missouri, for debtor.

## MEMORANDUM OPINION [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

This matter is before the court on the Objection of the Office of Thrift Supervision to the Claim of Wilson Siemens.[2] On February 6, 1998, the OTS filed a Brief in Support of its Objection.[3] To date, Siemens has filed no brief in response, and the time for filing any such response has long passed. This matter is now ready for ruling. As stated more fully below, the court finds that the entirety of Siemens' claim constitutes a prepetition nonpriority claim that was filed untimely; therefore, the court concludes that the OTS's objection to Siemens' claim should be sustained.

## I. Factual Background

Overland Park Financial Corporation filed this voluntary Chapter 11 petition on July 1, 1994. On October 27, 1994, this court entered an order establishing December 15, 1994, as the deadline for filing proofs of claim.

1. The Office of Thrift Supervision appears by its attorney, Martin Jefferson Davis, Senior Trial Attorney to the Office of Thrift Supervision. Wilson Siemens appears *pro se*. The debtor, Overland Park Financial Corporation, has also filed an Objection to Siemens' Proof of Claim, which is considered in a separate memorandum opinion. Kathryn Bussing of Blackwell, Sanders, Peper, Martin appears for the debtor.

2. Doc. # 173.

3. Doc. # 236.

Nevertheless, on August 26, 1996, Siemens filed a Proof of Claim for "reimbursement of legal fees."[4] The Proof of Claim for $13,329.58 classifies the claim as secured but further describes it as one for "indemnification by debtor."[5] Attached to the Proof of Claim are billing statements from the law firm of Slagle, Bernard & Gorman reflecting legal services rendered by the firm in defending Siemens in two civil lawsuits filed in 1993 in the United States District Court for the Western District of Missouri (hereinafter "the Royal Oak Partnership litigation"). The statements exhibit billing entries dating from December 1993 through January 1995.

Essentially, Siemens seeks reimbursement for legal fees he incurred in the Royal Oak Partnership litigation. Under the bylaws of Overland Park Savings and Loan, the cost of defending such litigation is reimbursable to officers and directors. Apparently, Siemens believes the reimbursable legal fees constitute an allowable claim of the Overland Park Financial Corporation estate. Although he has failed to file any brief defending his claim, he articulates his position in a letter dated September 13, 1996, addressed to the court. In the letter, he appears to argue that his claim constitutes an administrative expense of the estate that is therefore not subject to the December 15, 1994, bar date for filing prepetition claims:[6]

This letter is in response to the Debtor's objection to my claim in this case. I acknowledge that this claim is an unsecured claim. This claim resulted from legal expenses incurred in defending myself in a law suit that extended past the deadline set by the court for filing claims. For that reason this claim should be a valid one.[7]

On December 4, 1997, the court held a status conference to consider the OTS' Objection to Siemens' Claim. After hearing arguments of counsel and of Siemens, the court determined that to the extent Siemens' claim included prepetition debts, it should be disallowed as untimely.[8] To deal with the postpetition component of the claim, the court suggested another hearing to permit argument and evidence on whether that portion of the claim should be allowed.[9] Meanwhile, the court instructed Siemens to document the postpetition portion of his claim.[10]

He did so in a letter dated December 31, 1997, received by the court on January 5, 1998. It documented a total claim of $6,571.70, as follows:

The purpose of this letter is to provide information to the court concerning the post-petition portion of my claim in the above case. The following documents provide that information:

1. Statement No. 6624 from Slagle, Bernard and Gorman in the amount of $3,491.25 all of which was incurred after June 30th of 1994, the petition date.[11]

2. Statement No. 6493 of the same law firm in the amount of $9,833.53, along with a breakdown showing the portion of expenses incurred in the post-petition period in the amount of $3,080.45.

The total amount of the claim in the post-petition period is therefore $6,571.70, and is the amount of the claim that should be allowed.

---

4. Doc. # 6.

5. *Id.*

6. *See* Doc. # 35, the order fixing December 15, 1994, as the deadline for filing proofs of claim.

7. Doc. # 172.

8. *See* Journal Entry filed December 19, 1997 (Doc. # 229).

9. *Id.*

10. *Id.*

11. The petition was filed on July 1, 1994. *See* Doc. # 1.

On January 8, 1998, the court heard arguments of counsel and Siemens and took the matter under advisement.[12]

II. *Discussion*

In its brief, the OTS contends that the portion of Siemens' claim represented by postpetition debts is in fact a prepetition claim that is not entitled to priority as an administrative expense of the estate and should be disallowed as untimely because it is subject to the December 15, 1994, filing deadline:

> Siemens' alleged right to indemnification is part of the compensation he received for his services to Overland Park Savings and Loan Association that were questioned in the Royal Oak Partnership Litigation. Since Siemens rendered those services pre-petition, his entire reimbursement claim, including the portion represented by post-petition debts, is a pre-petition claim not entitled to administrative priority.[13]

In support, the OTS relies upon the 1987 Ninth Circuit case of *Christian Life Center Litigation Defense Comm. v. Silva (In re Christian Life Center)*,[14] a case the Tenth Circuit cited with approval a year later in *Isaac v. Temex Energy Inc. (In re Amarex, Inc.)*.[15] In *Christian Life Center*, the Ninth Circuit considered whether lawyers seeking allowance of claims for legal fees earned in defending debtor's corporate officers in an adversary proceeding in the debtor's Chapter 11 were entitled to administrative expense priority. In affirming the district court's disallowance of the fees, the Ninth Circuit reasoned that the corporate officers' services were rendered prepetition, any duty to reimburse them arose from prepetition services, and the lawyers' fees arose from those prepetition services as well:

[The lawyers'] claim for administrative expenses is for [their] legal fees for defending Argue, a corporate officer of the debtor, in an adversary proceeding, not for defending the debtor itself. Thus the claim is actually for indemnification of litigation costs. A corporation's duty to indemnify its officer, whether conferred by statute or by contract, is a form of compensation for the officer's services. *In re Baldwin–United Corp.*, 43 B.R. 443, 454–56 (S.D.Ohio 1984). Argue was sued for his pre-petition actions of setting up and administering the trust fund. Any duty of the church to reimburse or indemnify Argue for his legal expenses arises from these pre-petition services. As such[, the lawyers'] legal fees claim arises from Argue's pre-petition services to the corporation rather than any post-petition services. Thus [the lawyers'] claim is at most a general unsecured claim not entitled to administrative priority. *See id.* at 454–56 (debtors could not advance legal fees as administrative expense to officers under indemnity contract for pre-petition services). *It makes no difference that the duty to indemnify Argue for litigation expenses, if such duty exists, did not accrue until after the petition was filed when Argue incurred those expenses; the critical fact is that the claim for indemnity arose from pre-petition services Argue provided the corporation.*[16]

■ Likewise, Siemens' claim is for indemnification of legal expenses he incurred in a lawsuit based upon his prepetition actions as an officer and director of Overland Park Savings and Loan. The lawsuit against Siemens was filed prepetition, and although a number of the billing entries are for legal services rendered postpetition, all billing entries appear to reflect

---

**12.** The court has jurisdiction over this proceeding. 28 U.S.C. § 1334; D.KAN.RULE 83.8.5. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

**13.** OTS Brief (Doc. # 236) at 2.

**14.** 821 F.2d 1370 (9th Cir.1987).

**15.** 853 F.2d 1526 (10th Cir.1988).

**16.** *Id.* at 1374 (emphasis added).

legal work performed for Siemens based upon his prepetition actions. Siemens has provided no evidence demonstrating otherwise. Thus, the claim for indemnity arose from prepetition services Siemens provided to the corporation. It makes no difference that the duty to indemnify Siemens for some of the litigation expenses did not accrue until after the petition was filed, when Siemens incurred those expenses. *See Pension Benefit Guaranty Corp. v. Skeen (In re Bayly Corp.)*, 163 F.3d 1205 (10th Cir.1998) (noting that a claim is not entitled to priority under § 503 "simply because the right to payment arises after the debtor-in-possession has begun managing the estate").[17]

The burden of proving entitlement to administrative expense priority is on the person claiming priority.[18] Courts narrowly construe the priorities allowed under § 503(b) because "the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors."[19] Here, Siemens has simply failed to meet his burden of proving that any portion of his claim is entitled to an administrative expense priority under § 503(b).

Next, OTS argues that Siemens' claim is not entitled to administrative priority treatment under § 503(b)(3)(D) because Siemens has failed to demonstrate that he made a "substantial contribution" to the estate. "In determining whether there has been a 'substantial contribution,' pursuant to section 503(b)(3)(D), the applicable test is whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors."[20] Efforts undertaken by a creditor solely to further his own self-interest will not be compensable, notwithstanding any incidental benefit accruing to the bankruptcy estate.[21] "Generally, creditors are presumed to act primarily in their own interest and not for the benefit of the estate as a whole."[22] The applicant has the burden of proving a "substantial contribution."[23]

Here, Siemens does not assert that he has made a substantial contribution to the debtor-in-possession. Rather, Siemens states in his September 13, 1996, letter quoted earlier: "This claim resulted from legal expenses incurred in defending myself in a law suit...."[24] Nowhere in the court record does Siemens allege, let alone demonstrate with evidence, that the legal expenses he incurred were a result of reorganization efforts he undertook that directly benefitted the estate. The court finds that Siemens fails to meet his burden of proof in establishing the requirement that he made a substantial contribution to the debtor-in-possession. Accordingly, Siemens' claim is not entitled to administrative expense priority under § 503(b)(3)(D).

### III. *Conclusion*

Because Siemens' claim for reimbursement fails to qualify for priority treatment as an administrative expense, it is subject to the December 15, 1994, bar date. Siemens' Proof of Claim was not filed until August 26, 1996, over a year and a half past the deadline for filing proofs of claim. Consequently, the court finds Sie-

---

17. 163 F.3d 1205, 1208, citing the 10th Circuit's *Amarex, Inc.*, 853 F.2d at 1530, which in turn cites the 9th Circuit's *Christian Life Center*, 821 F.2d at 1374.

18. *General American Transp. Corp. v. Martin (In re Mid Region Petroleum, Inc.)*, 1 F.3d 1130, 1132 (10th Cir.1993) (citing *Amarex, Inc.*, 853 F.2d at 1530).

19. *Amarex, Inc.*, 853 F.2d at 1530 (quoting *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 100 (2d Cir.1986)).

20. *Haskins v. United States (In re Lister)*, 846 F.2d 55, 56 (10th Cir.1988).

21. *Id.* at 57.

22. *Id.*

23. *Id.*

24. Doc. # 172.

mens' claim must be disallowed as untimely filed.

A judgment reflecting this ruling will be entered on a separate document as required by FED.R.BANKR.P. 9021 and FED.R.CIV.P. 58.

IT IS THEREFORE ORDERED that the Objection of the Office of Thrift Supervision to the Claim of Wilson Siemens[25] is sustained, and the claim of Wilson Siemens is disallowed.